J. Irwin Shapiro, J.
The defendant Merz applies ‘ ‘ for an order to suppress evidence, conversations and confessions upon which the indictment herein was found, on the grounds that said evidence, conversations and confessions were obtained by and is the product of an unlawful search and seizure, in violation of the defendant’s rights as guaranteed by the 4th, 6th and 14th Amendments to the United States Constitution, New York State Constitution, Art. I, Sec. 6 and in violation of Sections 551a and 1844 of the Penal Law, and Sections 8, 188, 190, 308 and 699 of the Code of Criminal Procedure, and Civil Rights Law, Section 12, and for a further order granting the defendant, richabd Griffith merz, permission to inspect the Grand Jury minutes of the testimony upon which the indictment herein was found ’ ’.
The court this day held a hearing on the application to suppress. It appears from the testimony and the argument of counsel as well as from the memorandum of law submitted on behalf of the defendant Merz that what is sought to be suppressed are confessions alleged to have been made by the defendant Merz to the police and the District Attorney. It is not contended that any tangible evidence was obtained by the police or the District Attorney as a result of the confessions. This, therefore, is not a case like People v. Logan (39 Misc 2d 593, 600, 601) in which I said: “ that the New York suppression procedure (Code Crim. Pro., § 813-c), which now operates in advance of trial to exclude the physical and tangible results of property obtained by the police as a result of an unlawful search and seizure, is broad enough to encompass, within its scope, the suppression of such tangible evidence when it is obtained by the police as a result of a confession extracted from a defendant in violation of his constitutional rights. * * * Having come to the legal conclusion that articles obtained by the police following upon and as a result of a coerced confession may be equated with an unreasonable search and seizure, it necessarily follows that the same procedural methods for their suppression prior to trial, should be utilized as in the case of an illegal search and seizure. Where there is a charge of an ‘ unlawful search and seizure ’ the mandate of the statute is that ‘ The court shall hear evidence upon any issue of fact necessary to determination of the motion ’ (Code Crim. Pro., § 813-c; italics supplied).”
*45 The ratio decidendi for my holding in that case that I had the power to pass upon the validity of the confession stemmed from the fact that there was tangible personal property which was sought to be suppressed. It was there contended that the personal property had been delivered to the police as a result of a coerced confession. In order to decide whether the tangible property should be suppressed I held that I had both the duty and the power, on a pretrial suppression motion, to pass upon the validity of the confession.
In this case the defendant by this motion seeks to have me go one step further. He contends that the picking of a defendant’s brains by the police or the District Attorney “ in their search for evidence to convict him ’ ’ should be equated with an unlawful and unreasonable search and seizure of tangible property. In short, the defendant contends that ‘ ‘ unless the use of the word ‘ persons ’ in the Fourth Amendment (of the United States Constitution) is held to apply to the contents of one’s mind it has no meaning at all, since the following words * house, papers and effects ’ clearly apply to real and personal property. ’ ’
From a purely semantic interpretation of the language used, the conclusion reached by the defendant seems logical, but for present purposes, it suffices for a rejection of the view thus urged that neither the United States Supreme Court nor the New York State Court of Appeals has yet outlawed confessions obtained by either the police or the District Attorney after arrest, but before arraignment, on the ground that the defendant’s constitutional rights were violated solely because, though not requested by him, he did not have the benefit of counsel (People v. Lothringer [Shapiro, J.], N. Y. L. J., Aug. 20, 1963, p. 8, col. 5 citing Crooker v. California, 357 U. S. 433; Cicenia v. Lagay, 357 U. S. 504; People v. Noble, 9 N Y 2d 571; People v. Escobedo [Ill. Sup. Ct.], 31 U. S. L. W. 2604).
Recognizing the devastating effect of those cases on the legal propositions urged by him, the movant contends that Mapp v. Ohio (367 U. S. 643) “ overrules those earlier cases and imposes the exclusionary rule upon the states Mapp v. Ohio is not in point. It dealt merely with the suppression of tangible personal property and not with utterances of a defendant constituting a confession. Its effect should not be extended and the language contained in the majority opinion “must be confined to the facts before the court ” and it must not be construed as “an authority beyond the point actually decided”, nor may its sentence structure 1 ‘ be taken as a rule of law separate from its association” (Dougherty v. Equitable Life Assur. Soc., 266 N. Y. 71, 88).
*46 Accordingly, I hold that under the circumstances of this case, where tangible personal property is in no way involved, I have no pretrial power to pass upon the validity of the confessions upon the alleged ground that they were obtained in violation of the- defendant’s constitutional rights. That issue is one for determination on the trial in light of the facts as they there appear.
That part of the motion which seeks a suppression of the confessions is therefore denied.
The defendant Merz- also seeks an order permitting him an inspection of the Grand Jury minutes. The court has inspected the minutes and finds no basis for an inspection thereof by the defendant Merz. The motion is in all respects denied.