Abraham N. Geller, J.
Defendant’s motion with respect to an inspection of the Grand Jury minutes and dismissal of the indictment for alleged insufficiency of evidence to support the charge is denied. The court has read the minutes and finds that sufficient evidence was submitted to the Grand Jury to warrant the indictment.
The branch of the motion seeking a bill of particulars is disposed of as hereinafter indicated.
[Matter pertaining to items 1-5, 7 and 9-13 omitted.]
*149 The principal issue is item 6 requesting copies of the statements allegedly made by defendant to the arresting officer and to the District Attorney.
That issue has been raised time and again over the years. A reappraisal of the principles and considerations underlying its resolution is required in the light of recent decisions of our highest court affirming and protecting the rights of accuseds, the expanding concept of liberalizing pretrial procedures ‘ ‘ to advance the function of a trial to ascertain truth ” (Rios v. Donovan, 21 A D 2d 409, 411), and the impact of the new procedure for a Jackson-Denno hearing before trial on the voluntariness of a confession (People v. Huntley, 15 N Y 2d 72).
Although the question of constitutional due process may not be involved in the procedural issue relating to pretrial disclosure of an accused’s confession (see Cicenia v. Lag ay, 357 U. S. 504, 510-511), there can be no question as to the ever-increasing concern of our courts with the problem of incriminating statements obtained during a period of detention by the police and the matter of protecting the rights of an accused who has allegedly made an incriminating statement under such circumstances.
There has also been in recent years a general trend toward enlargement of pretrial disclosure to aid in the ascertainment of truth. Even though the Supreme Court in Cicenia determined that no constitutional issue was involved, it did state that it was the “ better practice ” to grant pretrial disclosure of a confession. With respect to civil actions it is now provided by CPLR 3101 (subd. [e]) that a party may obtain a copy of his own statement as a matter of right without the necessity of showing special circumstances, as was formerly required under decisional law.
In 1960, dealing with this problem of pretrial discovery of a written confession or admission, I stated in People v. Stokes (24 Misc 2d 755, 760): “It is likely, and perhaps inevitable, that the presently evolving practice of liberal discovery in criminal cases may ultimately lead to the automatic granting of discovery of a defendant’s written statement in the absence of a showing of prejudice to the People.” It was pointed out, citing numerous authorities, that a generalized showing of alleged prejudice to the People based on fear of perjury resulting from early disclosure of confessions was exaggerated and unsubstantial. However, the decision noted that, in view of the then state of the law on the subject, the court was “ not disposed to go so far at this point in the development of pretrial discovery in criminal cases ” (p. 762) as to automati *150 eally grant discovery of confessions in all cases but would take into consideration factual situations warranting such relief, listing, among these, “ where the voluntariness of the confession is in issue ” (p. 761).
It would appear that the point has now been reached to require pretrial discovery of a written confession upon a defendant’s application. In People v. Huntley (15 N Y 2d 72, 78, supra) the court directed that, as to criminal trials to be held in the future: “ The prosecutor must, within a reasonable time before trial, notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial. If such notice be given by the People the defense, if it intends to attack the confession or admission as involuntary, must, in turn, notify the prosecutor of a desire by the defense of a preliminary hearing on such issue ’ ’.
It seems clear that, when such notice is given by the People, a defendant should be entitled to request and obtain a copy of his confession in order to have his counsel decide whether he should request the preliminary hearing or endeavor to effect a disposition of the case by recommending a plea — a development which has not infrequently followed disclosure to counsel of the details of a confession — and, if the hearing is requested, to aid in the preparation therefor.
The only remaining question is whether, before such notice is given by the prosecutor, which would necessarily include situations where a statement, though taken, may not be intended to be offered in evidence at the trial, a defendant should be entitled to obtain a copy of his statement. Since the statement would in practically all cases have been taken by the police or District Attorney during a period of detention under the control of the authorities from an accused without the assistance of counsel, it is a matter of fair play and simple justice that, after he is indicted and obtains the assistance of counsel, his counsel should at least be furnished, on request, with a copy of his statement. The People’s case will or should by that time have been substantially prepared. The fact that defendant’s counsel will be in possession of a copy of his client’s own statement, whatever it may be, should not work to the People’s prejudice, if the People have a case against the defendant, but should be of aid in assuring the defendant a fair trial as well as in the search for the truth, which is the goal of our system of justice, and, possibly, in facilitating the disposition of some cases. There may be exceptional situations based upon a showing of special circumstances by the People justifying withholding of disclosure *151 of the statement in whole or in part until some later point, albeit before trial.
Item 6 is accordingly granted unless on settlement of the order hereon the District Attorney makes such a showing of special circumstances.
Since references have been made herein to certain procedures in civil actions, it should be pointed out that, while in some areas there should be a correspondence in the extent of pretrial disclosure between civil and criminal actions, there are substantial points of divergence due to differences in policy considerations and in the mode of proceeding generally, such as, for example, the availability of reciprocal examinations before trial of the parties in civil actions and the complete lack thereof in criminal actions. Thus, the various facets of the subject of pretrial disclosure in criminal actions must be separately analyzed with these considerations in mind, even though the analogous procedures in civil actions may also be taken into consideration.