Abraham N. Geller, J.
In connection with this JacksonDenno hearing on the voluntariness of a confession, several procedural questions requiring clarification were raised. In People v. Huntley (15 N Y 2d 72, 78) it was pointed out: ‘ ‘ Undoubtedly other questions will come to us as a result of the Jackson-Denno holdings but we think it wiser to leave those others for future determination.”
In accordance with the procedure laid down in Huntley (p. 78) the District Attorney (orally) notified defendant’s counsel that an alleged admission would be offered in evidence at the trial. Defendant requested a copy of the alleged admission. The District Attorney refused .and stated, in addition, that the admission was not in writing. Defendant then applied to the court for a direction that he be furnished with a copy of the alleged admission before taking a position as to whether he desired a Jackson-Denno hearing.
In People v. Abbatiello (N. Y. L. J., March 3, 1965, p. 16, col. 5) I held that a defendant was entitled to pretrial — *223 which, necessarily includes prehearing — discovery of a written confession- or admission.
This could have reference only to confessions or admissions written by defendant himself or signed by defendant or in such question-answer form as would be admissible as an exhibit upon the trial after the giving of qualifying testimony.
Where a defendant has allegedly made an oral admission, whether or not a police officer has made a note thereof or given the substance or content thereof in some paper for the use of the District Attorney, there is no “ copy ’ ’ which can be furnished to defendant’s counsel in advance of the testimony to be elicited at the hearing. Actually, an alleged oral admission has no legal existence except when and as testified to by the witness. Notes or memoranda relating to an oral admission are not admissible in evidence and are not subject to inspection (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24). In Lemon Chief Judge Cabdozo clearly set forth the distinction (pp. 28-29): “No precedent can be found even in civil causes for compelling disclosure, in advance of trial, of the office notes or memoranda prepared by an attorney after consultation with his witnesses * * *. Nowhere has there been a suggestion that the jurisdiction can properly be extended to notes or memoranda in the possession of the prosecutor, but inadmissible as evidence either for prosecution or for defense ”. He concluded (p. 34): “ This is to enlarge the remedy beyond anything permitted by analogy or precedent”. He also pointed out (p. 34): “We have no occasion at this time to consider to what extent inspection might be directed at the trial as an aid to cross-examination after the witnesses had testified ”.
Even in civil actions the language of CPLR 3101 (subd. [e]), providing that a party may obtain a “ copy of his own statement ”, indicates that it is applicable only to a written statement made or signed by the party. There is no right even under the liberal discovery provisions of CPLR to pretrial discovery of the notes of an oral interview made by an investigator.
Defendant’s counsel is not without remedy if, Avhen the testimony is elicited at the hearing, he can show the need for time to consult with his client or obtain witnesses or take some other steps to contest the admissibility of the alleged admission. Upon a proper showing the Judge holding the hearing can grant a short recess or appropriate adjournment.
The court accordingly denied defendant’s application for a copy of the alleged admission. Defendant thereupon stated that he intended to attack the alleged admission as involuntary and desired a preliminary hearing on such issue. The District *224 Attorney then requested that the court direct defendant to specify the grounds and make an affirmative showing warranting a hearing on that issue. He urged the court to take notice of the fact that all defendants have been requesting Jackson-Denno hearings, even though in many cases they do not take the stand and present no evidence of involuntariness, employing this device as a fishing expedition to find out the People’s case in advance of the trial, with consequential waste of time and prejudice to the People. He also argued that the reference “ (cf. Code Grim. Pro., § 813-c) ”, in Huntley (p. 78), would indicate that it was intended to adopt for a Jackson-Denno hearing the procedure provided for a motion to suppress evidence obtained by an unlawful search and seizure. It should be noted that, while section 813-c provides for the making of a motion by a person 1 ‘ claiming to be aggrieved ’ ’ and 1 ‘ having reasonable grounds to believe that # * * property, claimed to have been unlawfully obtained may be used as evidence against him in a criminal proceeding ”, the rules of this court implementing that provision require that ‘1 where the right to the relief sought is based on questions of fact, a verified, unequivocal statement of the facts relied upon must be made ” (Buies of Supreme Ct., Hew York and Bronx Counties, part 2, rule IV, subd. 3, par. [h]).
The defendant’s position as to the form of his request is that he need only employ the terminology set forth in Huntley of an intention to attack the admission as involuntary and a desire for a hearing on that issue. His position must be sustained until some explicit statute or rule requires a more specific or affirmative statement of grounds. It would appear that, as a general proposition, a party, who desires a voir dire hearing when the adverse party makes an offer of some matter in evidence, need not show any affirmative grounds but is entitled to attempt to elicit from the adverse party’s witnesses sufficient grounds for its inadmissibility. Moreover, an accused may not have been fully aware or conscious of the fact that he made what the prosecution deems an admission or may have given his counsel an incomplete or inadequate account of his interrogation and nevertheless his counsel should be given the opportunity to show that an admission, if made, was involuntary. With respect to the People’s contention as to prejudice, there would seem to be no basis therefor, in the absence of exceptional circumstances, merely because the evidence relating to the admission is given just before the trial proper rather than during the trial. However, there is loss of court time in duplication of such evidence if all defendants adopt such a stratagem. *225 The court having held that defendant’s request for a hearing must be granted, the hearing proceeded. But a further procedural question was presented when the District Attorney sought to limit the testimony of his witness, a police officer, to the circumstances or manner of obtaining the alleged admission without disclosure of the conversation which purportedly constituted the admission, on the narrow ground that voluntariness was on this hearing the sole issue. The court ruled, however, that the witness was required to testify to the content of the conversation claimed. Otherwise, the District Attorney’s questions and the witness’ answers would be in conclusory and objectionable form; defendant’s cross-examination, which might help to establish that the direct testimony was incomplete, inaccurate or untrue, would be unfairly hampered; defendant would be prevented from showing that the nature or wording of the statement itself or evidence obtainable, if the content were known, might raise a doubt as to its voluntariness or, perhaps, might be indicative of involuntariness. Moreover, a defendant in a criminal cause to be tried in the future might be able to elicit testimony which could serve as a basis for claiming inadmissibility of the alleged admission on other grounds, such as an admission obtained in an interrogation after refusal to grant an accused’s request to consult with his counsel or with his family (People v. Taylor, 22 A D 2d 524) or after his counsel’s request to speak to him and not to take any statement from him has been ignored (People v. Gunner, 15 N Y 2d 226).
The evidence given at the hearing left no doubt as to defendant having voluntarily made an oral admission. A police officer, off-duty at the time and in civilian clothes, happened to pass by the scene of the crime, saw the injured victim, asked defendant what had happened, and defendant told him what he had done. Defendant’s counsel cross-examined the officer but defendant did not take the stand and presented no evidence. The court finds that defendant’s statement was beyond a reasonable doubt a voluntary admission and concludes that it is admissible in evidence.