Julius Helfand, J.
Defendant Melvin Torres, jointly indicted with two others for murder in the first degree, makes this application for fourfold relief. Three of the items were disposed of *265 on the oral argument of the motion. Decision was reserved on this defendant's pretrial discovery demand for an “ inspection ” of the statements taken from him and his codefendants. In support of this phase of the motion defendant in his affidavit avers that on the night he and his codefendants were arrested they were questioned at the police station by detectives and by an Assistant District Attorney for over five hours; that 11 because of the length of the interrogation ”, he is “ unable to recall everything I said”; that during the interrogation a detective took notes, and the answers he made to questions put to him by the Assistant District Attorney were stenographically recorded; that, “ upon information and belief * * * the same procedure was followed in connection with ” the questioning of his two codefendants; that he, defendant, has been “ informed ” that the statements of his codefendants “ in no way incriminate ’ ’ him, and in fact exculpate him.
Certainly, defendant is not entitled to a disclosure of the transcribed statements taken from his codefendants since they are not competent “ evidence in support of the cause of action or defense of the party seeking the discovery ” (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 34); nor is he entitled to see the notes made by the detective at the time of the interrogation. These are ‘ ‘ not evidence for anyone. They are merely mnemonic instruments whereby the prosecutor may be better able to elicit evidence hereafter.” (People ex rel. Lemon v. Supreme Court, supra.)
As to the transcribed statement of the defendant-movant, the averments in his affidavit fall short of showing the special circumstances and compelling reasons (set forth in People v. Stokes [24 Misc 2d 755]) which would ordinarily require its pretrial disclosure. (See People v. Roldan, 42 Misc 2d 501, and cases therein cited.)
The court is aware of recent decisions which take a contrary view and direct the disclosure of a defendant’s transcribed statements to the police or District Attorney after his arrest “as a matter of right to properly enable the said defendant to prepare a defense in accordance with the dictates of a fair trial.” (People v. Quarles, 44 Misc 2d 955, 964; People v. Abbatiello, 46 Misc 2d 148, Geller, J.) However, until the appellate courts or the Legislature sanction such a departure from the present well-established general rule, this court sees no reason for taking this “ long stride toward a new practice ” (People v. Carothers, 24 Misc 2d 734, 738).
Accordingly, this aspect of the motion is in all respects denied.