Martin M. Kolbrener, J.
The defendant Belman moves to compel the District Attorney to supply him with “ a copy of any and all confessions and admissions taken ” with respect to the charges in this case.
The District Attorney opposes the motion on the ground that a copy of the statement of this defendant will be made available at the time of the hearing in accordance with People v. Huntley (15 N Y 2d 72) and that the practice of this court is to deny earlier requests of defendants for copies of their statements.
It has been held that “ Were the defendant to demand a hearing respecting the voluntariness of his confession, as prescribed in People v. Huntley (15 N Y 2d 72), the defense counsel at that hearing would be entitled to see and use the confession in accordance with the rule enunciated in People v. Malinsky (15 N Y 2d 86). To deny the defendant’s request to look at the confession now and permit him to look at it several months later seems entirely pointless.” (People v. Harvin, 46 Misc 2d 417, 420.)
In the light of recent decisions expanding the rights of an accused and liberalizing pretrial proceedings in criminal cases, we agree with Harvin (supra) that defendant is entitled to a copy of his written confession or admission, upon notice to him as in this case that the District Attorney intends to rely upon same pursuant to Jackson v. Denno (378 U. S. 368) and People v. Huntley (supra).
As Geller, J., said in People v. Abbatiello (46 Misc 2d 148, 150): “.Since the statement would in practically all cases have been taken by the police or District Attorney during a period of detention under the control of the authorities from an accused without the assistance of counsel, it is a matter of fair play and simple justice that, after he is indicted and obtains the assistance of counsel, his counsel should at least be furnished, on request with a copy of his statement.”
*405 Furnishing a copy of the confession may very well obviate the necessity of a Huntley hearing, and aid in effecting a disposition of the indictment. It should be noted that this decision is limited to the written confessions and admissions of the defendant. (See People v. Riley, 46 Misc 2d 221.)
This decision is not in conflict with the learned opinion of Judge Oppido in People v. Jenkins decided in this court on June 25, 1965. The question there involved attempted discovery of various items of the People’s evidence. Under the circumstances, therefore, it is ordered, that the motion be and it hereby is granted and the District Attorney is directed to furnish to counsel for the defendant a copy of any written confessions, admissions or statements taken from the defendant within 10 days from the date hereof.