THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD M. LA BELLE, Appellant.

Third Department, January 13, 1966.

*Thomas J. O'Connor* for appellant.

*M. Andrew Dwyer, Jr., District Attorney* (*Donald J. Shanley* of counsel), for respondent.

AULISI, J. This is an appeal from a judgment of the County Court of Rensselaer County convicting the defendant Richard M. La Belle of the crime of murder first degree upon which he was sentenced to life imprisonment. He also asks for a review of certain intermediate and pretrial orders.

The indictment contained two counts one alleging common-law murder and the other felony murder, the underlying felony being rape in the second degree. The victim was a 15-year-old girl and defendant's brother Edward, also named in the indictment, was convicted and sentenced to death. Edward La Belle appealed directly to the Court of Appeals, raising most of the issues argued here by Richard. The Court of Appeals affirmed without opinion (*People* v. *La Belle,* 16 N Y 2d 807).

Both brothers were arrested under similar circumstances, similarly detained, questioned and arraigned and subsequently were tried jointly. We have considered the issues as to the denial of appellant's pretrial motion for a severance; the denial of his motion for dismissal of the second count (felony murder) of the indictment as insufficient on its face; the denial of his motion for mistrial; and whether the detention violated his constitutional rights or made any oral or written statements obtained during such detention involuntary; and we find them all without merit.

It is also our opinion in reviewing the other points argued by appellant that there is nothing in the record which persuades us to disturb the conviction and sentence. The motion to inspect

the Grand Jury minutes was directed to the discretion of the Trial Judge and was properly denied.

There is no basis for his claim of deprivation of constitutional rights in respect of the pretrial discovery and inspection (*Matter of Silver* v. *Sobel,* 7 A D 2d 728, mot. for lv. to app. den. 5 N Y 2d 710; see *People* v. *Munoz,* 11 A D 2d 79, affd. 9 N Y 2d 638; cf. *People* v. *Abbatiello,* 46 Misc 2d 148) where appellant waived counsel and was interviewed by his attorney within a day after the statement was made and within seven days after the crime was committed and his counsel was given a copy of the disputed statement at least one month before the pretrial hearing on voluntariness and it has not been shown that appellant was prejudiced. The decision of the trial court as to the voluntariness of appellant's statement (44 Misc 2d 327) is amply supported by the record. Appellant's contention that said decision was erroneous because of a certain misstatement relates, at most, to the form of the decision.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, TAYLOR and HAMM, JJ., concur.

Judgment affirmed.