THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NAPOLEON DUBARD, Defendant.

Supreme Court, Criminal Term, Kings County, November 23, 1966.

*Benjamin Bomrind* for defendant. *Aaron E. Koota, District Attorney (Martha Prince* of counsel), for plaintiff.

DOMINIC S. RINALDI, J. The defendant seeks to suppress admissions and a confession which are obviously barred by the *Miranda* decision (384 U. S. 436) and other related cases concerning confessions. However, he has not been served with notice by the District Attorney under section 813-f of the Code of Criminal Procedure of an intention to offer a confession or statement at his trial. The District Attorney therefore opposes the motion not only on the ground that it is premature and not in line with the procedures of that section, but that in any event, the motion to suppress cannot lie under section 813-c of the code which limits such relief to " property, papers or things * * * claimed to have been unlawfully obtained ", and that confessions and statements do not fall within that category. *People* v. *Merz* (20 A D 2d 918) and *People* v. *Steenstra-Toussaint* (40 Misc 2d 43) are cited by the District Attorney in support of his position.

The court is aware of the foregoing and so stated its position that the motion must be denied at the time it was orally argued. However, it was brought to the court's attention at that time that, except for the admissions and confession which would apparently be ruled nonadmissible at a *Huntley* (*People* v. *Huntley,* 15 N Y 2d 72, 78) hearing, the People had no other evidence to submit upon the trial of this indictment. The court therefore reserved decision on the motion and suggested that the District Attorney examine his files, and if this were the case, to consent to a dismissal of the indictment. This would avoid the further incarceration of the defendant until such time as the indictment was brought to trial and a *Huntley* hearing held either in connection therewith or preliminarily thereto. There is certainly a defect in our law which bars a defendant in situa-

---

tions of this nature from relief until such time as and when the District Attorney decides to serve the notice required under section 813-f of the code. It is not in keeping with the present trend of our law and the atmosphere of constitutional safeguards which surround a defendant.

For the reasons above stated, the motion is most reluctantly denied.