John S. Lockman, J.
The defense moves for a mistrial because the prosecutor, in opening to the jury, stated that an admission was made by the defendant although no notice of intention to use admissions at the trial was served in accordance with section 813-f of the Code of Criminal Procedure.
The People contend that this section relates only to admissions made to police because it was enacted to comply with the requirements established by Jackson v. Denno (378 U. S. 368).
Section 813-f provides: “In a case where the people intend to offer a confession or admission in evidence upon a trial of a defendant, the people must, within a reasonable time before the commencement of the trial, give written notice of such intention to the defendant, or to his counsel if he is represented by counsel.”
This clear language cannot be restricted except by case law. Such restriction is not the fact. On the contrary, the Court of Appeals has ruled that every admission should be tested by a pretrial hearing as to voluntariness, where demanded, regardless of to whom it is made. (People v. Harden, 17 N Y 2d 470.) It has been held that the clear language of section 813-f must be followed. (People v. Frank, 52 Misc 2d 266.)
*533 Accordingly the motion for a mistrial is granted and the Clerk is directed to add the case to the Trial Calendar for May 16,1967, peremptorily, before which time the People may comply with section 813-f if they intend to use any admissions.