George Boldman, J.
The defendants, Richard H. Johnston and Robert E. Bell, indicted individually by indictments numbered respectively, C-1448 and C-1449, for robbery in the second degree, grand larceny in the third degree, and assault in the third degree, have moved through their attorney, H. Bradley Smith, for an order directing the District Attorney to furnish or to permit him to make copies of:
“1. Any hospital records or physicians’ reports concerning the injuries allegedly sustained by the apparent complainant in this action.
*186 2. Any statements, notes or memorandum thereof sworn or unsworn made by any of the defendants in this action, by Bussell Kellogg, and/or Hugh Sweet, Jr., and any other witnesses concerning the events leading up to and following the alleged crimes. ’ ’
It appears that the incident out of which the indictments arose involved two other defendants, who, it is alleged, knowingly aided and abetted each other in a common purpose and plan leading to the alleged commission of the crimes charged in the instant indictments.
The affidavit in support of the motion fails to show the existence of and materiality of the items defendants seek to have furnished or to be permitted to copy.
Defendants must show some better cause for inspection than a mere desire for all information which has been obtained by the prosecution in its investigation of the crime. The production of the prosecution’s evidence is not allowed to the defendants for exploratory purposes (People v. Gatti, 167 Misc. 545), or for the purpose of prying into prosecution’s preparation for trial (People v. Calandrillo, 29 Misc 2d 491). The defendant has no right to invoke the means of examining the prosecution’s evidence merely in the hope that something may turn up to aid him. (People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823.)
In oral argument of the motion, counsel for the défendants placed great stress upon the holdings in People v. Preston (13 Misc 2d 802) and People v. Powell (49 Misc 2d 624). The court is familiar with these decisions and is also aware of the trend toward a more liberal rule favoring discovery of evidence of the prosecution in criminal cases.
Opposed to this trend and in the absence of a statute providing for discovery and inspection are cases which hold that material such as is here requested is beyond the scope of pretrial disclosure. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24; People v. Graziano, 46 Misc 2d 936; People v. Golly, 43 Misc 2d 122.)
To grant the defendants’ motion would be tantamount to requiring the People to turn over their complete files to defendants for their study and to assist them in preparing a defense. These are not, as yet, the requirements set by our courts or mandated by statute. The law has not progressed to the point where the defendant is entitled to an unlimited and uncontrolled excursion into the file of each and every person indicted by a Grand Jury prior to the trial of an indictment. (Matter of Widziewicz v. Golding, 52 Misc 2d 837? 844.)
*187 The court adheres to the view of Helfand, J. in People v. Torres (46 Misc 2d 264, 265) where he stated “ until the appellate courts or the Legislature sanction such a departure from the present well-established general rule, this court sees no reason for taking this ‘ long stride toward a new practice ’ ’ \
In view of the failure of the moving papers to show existence, materiality and competency of the matters sought to be disclosed by the defendants and the position taken by this court, the requested relief is denied.