William F. Christiana, J.
Defendant has been indicted by a Columbia County Grand Jury for the crime of murder, in violation of section 125.25 of the Penal Law. His counsel has brought on an order to show cause why he should not be permitted to ‘ ‘ discover, inspect and copy a certain typewritten statement and/or confession signed by the defendant Michael Joseph Nero at the Claverack N. Y. State Police Substation on the 9th day of February 1969.” In effect, the nature of the relief sought on this application involves pretrial discovery in a criminal case.
It must be conceded that there is, as yet, no general right nor statutory foundation in this State authorizing pretrial discovery in criminal cases. (People v. Golly, 43 Misc 2d 122.) Nevertheless, defendant’s counsel ably argues that a person accused of crime has a constitutional right to the statement in question and that “ any act which prevents him from collating, reviewing and evaluating evidence which may establish his innocence must necessarily amount to a denial to him of due process of law within the purview of the Sixth and Fourteenth Amendments of the Federal Constitution.” Numerous recent Supreme Court decisions ranging from Gideon v. Wainwright (372 U. S. 335), to Jackson v. Denno (378 U. S. 368) *646 and Escobedo v. Illinois (378 U. S. 478), together with enlightening current articles in law reviews, periodicals and gazettes are cited in support of defendant’s theme.
Even in the absence of statutory authority, there has been a growing trend on the part of the courts toward a liberal discovery of prosecution evidence in criminal cases. (See People v. D’Andrea, 20 Misc 2d 1070, containing an able and instructive discussion of the subject by Judge Nathan R. Sobel.) Moreover, the Federal Court Rules authorize discovery and inspection (Fed. Rules Crim. Pro., rule 16; rule 17, subd. [c]). Many States, as pointed out in D’Andrea (supra) have followed suit. The newly proposed New York Code of Criminal Procedure contains provisions for discovery and inspection in criminal cases. As early as 1927, when the Court of Appeals handed down its now much quoted decision in People ex rel. Lemon v. Supreme Court (245 N. Y. 24, 32) Chief Judge Cardozo, speaking for the court, foresaw what he called “ glimmerings of such a doctrine ”. Since then, numerous lower court decisions have built up a somewhat conflicting body of case law on the subject. The tenor of some of these decisions is to restrict pretrial discovery to a minimum or in some instances to reject it totally. (People v. Calandrillo, 29 Misc 2d 491; People v. Golly, supra; People v. Torres, 46 Misc 2d 264; People v. Graziano, 46 Misc 2d 936; Matter of Widziewicz v. Golding, 52 Misc 2d 837, 844; People v. Johnston, 55 Misc 2d 185; People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823.) Quite recently, the County Court of Tioga County, (People v. Johnston, supra p. 186, Dec. 1, 1967) refused to direct the District Attorney to deliver to defense counsel “ any statements, notes or memorandum thereof sworn or unsworn made by any of the defendants in this action * * * concerning the events leading up to and following the alleged crimes.”
On the contrary, in People v. Quarles (44 Misc 2d 955) the Supreme Court of Bronx County flatly held that transcribed statements made by defendant after his arrest to the police or the District Attorney without the assistance of counsel and without waiver of his right to counsel, should be delivered to defense counsel as a matter of right to enable the defendant to prepare a defense and in the interest of a fair trial. There, the court in a highly informative opinion, reviewed recent constitutional rulings relating to the problem. Also supporting favorable consideration of an application of this character are the rulings in People v. Harvin (46 Misc 2d 417, 420) and People v. Abbatiello (46 Misc 2d 148). It may be observed that both Quarles and Harvin, as well as Abbatiello, were *647 decided prior to July 16, 1965, the effective date of section 813-f et seq. of the Code of Criminal Procedure.
Defendant’s counsel lays some stress on two Court of Appeals cases, People v. Robinson (13 N Y 2d 296) and People v. Ressler (17 N Y 2d 174). Neither of these cases, in my judgment, is applicable to the application at bar since they relate to post-arraignment confessions. The former, among other things, held that the admission into evidence of a postarraignment statement made hy the defendant, resulting in the discovery of a murder weapon, was prejudicial error. In the latter, defendant’s conviction was reversed hy reason of the receipt into evidence of a statement made by the defendant to the police after his legal representative had contacted the police station.
' In opposing defendant’s application, the District Attorney points out that the prevalent method of compelling the production of any alleged statement in the form of a confession or admission by the defendant is provided in section 813-f et seq. of the Code of Criminal Procedure. The statute provides in effect that if the People intend to use an alleged confession, written notice must be served on the defendant’s counsel within a reasonable time before the commencement of the trial, whereupon the defendant may demand a hearing inquiring into the validity of such confession to determine whether it should be suppressed. In view of these related code provisions, the District Attorney capably contends that the application of defendant’s counsel is premature. This seems to be the effect of the ruling in People v. Dubard (52 Misc 2d 244). There the motion was one to suppress rather than discovery but the principle is the same and the court noted (pp. 244-245): “There is certainly a defect in our law which bars a defendant in situations of this nature from relief until such time as and when the District Attorney decides to serve the notice required under section 813-f of the code. It is not in keeping with the present trend of our law and the atmosphere of constitutional safeguards which surround a defendant. ’ ’
In short, it is the People’s position that a proper and orderly method to test the relevancy of any alleged statements made by defendant, if it is to be introduced in evidence on the trial, is afforded by section 813-f et seq. of the Code of Criminal Procedure which now mandates the method to be utilized.
There can be no doubt that if defendant’s counsel were to be served with a so-called “Huntley Hearing Notice” prescribed by section 813-f of the code, a copy of the defendant’s alleged confession would have to be furnished to defense counsel. Further, there is considerable merit in a statement *648 made in People v. Nacht (47 Misc 2d 404), where the court observed that: “ To deny the defendant’s request to look at the confession now and permit him to look at it several months later seems entirely pointless.”
Nevertheless, the possibility exists that the alleged confession may not become an item of evidence on the trial, and in fact, it will not be unless the District Attorney serves the notice prescribed by section 813-f that he intends to use it. The District Attorney may never serve such notice. If he does not, the confession cannot be offered in evidence on the trial, or should it be, a new trial will result. (People v. De Curtis, 53 Misc 2d 532; People v. Lee, 27 A D 2d 700.)
This court is not unmindful of current cases covering a wide variety of instances where discovery and inspection has been granted. (See People v. D’Andrea; People v. Quarles; People v. Harvin; People v. Abbatiello (supra); Matter of Silver v. Sobel, 7 A D 2d 728; People v. Munoz, 11 A D 2d 79; People v. Stokes, 24 Misc 2d 755; People v. Courtney, 40 Misc 2d 541.) It is interesting to observe, nevertheless, that the United States Supreme Court has ruled that there was no constitutional deprivation of due process by reason of the discretionary refusal of a trial court to grant pretrial disclosure of a confession. (Cicenia v. LaGay, 357 U. S. 504.)
The search for truth is an endless quest and it would be ideal if its pursuit in criminal matters could be totally unfettered. However, as long as we continue to operate under an adversary process, adherence to fixed rules should be required. Section 813-f et seq. of the code should not be circumvented by pretrial discovery in criminal .proceedings. Balancing the conflicting points of view, this court prefers to follow the reasoning in People v. Torres (46 Misc 2d 264, 265) where it was stated: “ The court is aware of recent decisions which take a contrary view and direct the disclosure of a defendant’s transcribed statements to the police or District Attorney after his arrest ‘ as a matter of right to properly enable the said defendant to prepare a defense in accordance with the dictates of a fair trial. ’ (People v. Quarles, 44 Misc 2d 955, 964; People v. Abbatiello, 46 Misc 2d 148, (teller, J.) However, until the appellate courts or the Legislature sanction such a departure from the present well-established general .rule, this court sees no reason for taking this ‘ long stride toward a new practice ’ (People v. Carothers, 24 Misc 2d 734, 738).”
The application is accordingly denied.