William T. Cowin, J.
The defendant, not advised of his right to counsel and no counsel being present at the two lineups, seeks among other things, the names and addresses of all witnesses who identified him as well as the two witnesses who did not identify him. In addition to the above, the defendant seeks the namés and addresses of all witnesses who appeared at the G-rand Jury and a copy of any and all alleged confessions and statements made upon his detention prior to arraignment.
Defendant is charged with robbery in the first degree and second degree, and possession of a weapon, dangerous instrument and appliance.
A brief summary of the facts submitted by defendant, not contradicted by the People, reveals that up to the time of defendant ’s arraignment he was without benefit of counsel and that he did not at any time waive his rights thereto nor was he ever advised of his right to counsel at the time of the lineups here in issue, nor was counsel present. Defendant alleges that one witness at each of the, two lineups could not identify him.
*707 In order to properly evaluate defendant’s request for the names and addresses of all the witnesses at the lineups including those that did not identify him, it is necessary to consider the specific facts of this case in light of the unprecedented holdings of the United 'States Supreme 'Court in Wade v. United States (388 U. S. 218) Gilbert v. California (388 U. S. 263) and Stovall v. Denno (388 U. S. 293), which cases held that a defendant and his counsel should be notified of any impending lineup and that counsel’s presence is a requisite to the conduct of a lineup, absent an intelligent waiver. In so ruling the court noted that eyewitness testimony can be one of the most unreliable forms of proof and may result in wrongful convictions (4 Criminal Law Bulletin, p. 389). In addition, the lineup procedure has been frequently misused and abused by the police (see Miranda v. Arizona, 384 U. S. 436, 453). Considering the potentiality for unreliability of eyewitness identification, some of the lineup procedures have further increased -the possibility of mistake by either direct or indirect suggestion. (Murray, Criminal Lineup at Home and Abroad, 1966 Utah Law Review 610.) It is also a fact that in the lineup situation the suspect is perhaps unaware of any suggestive influences and in any case may be unable to reconstruct the circumstances at trial. This situation was recognized by the court in Wade at page 236: ‘ ‘ There is grave potential for prejudice, intentional or not, in the pretrial lineup, which may not be capable of reconstruction at the trial.” Because of the potential for either intentional or unintentional substantial prejudice which adheres to the lineup technique, the Supreme Court extended the right to counsel to the lineup. The presence of counsel at the lineup would materially assist fundamental fairness (People v. Alabama, 287 U. S. 45), due process (Stovall v. Denno, 388 U. S. 293, 302), a fair trial (Gideon v. Wainwright, 372 U. S. 335), or any other rights which an accused might possess. Moreover, though the Wade holding (strictly construed) applies only to post-indictment lineups, dicta in the Stovall case indicates that the post-indictment confrontation is not the only concern of the court. Justice Beenstaít who wrote the majority opinions in Wade, Gilbert and Stovall appears to extend the Wade holding in Stovall by dicta suggesting that any confrontation between suspect and witness is “ critical ” and counsel is required at all confrontations (388 U. S. at 298). Clearly the court has taken a police investigatory tool and indorsed it with the full weight of the constitutional requirements and judicial review.
In the case at bar defendant was not advised of his right to counsel at the lineup, nor was he represented by counsel at that *708 time. There were two lineups and a witness at each of the lineups was not able to identify the defendant. Clearly, the possibility exists that the witness who could not identify defendant may never be produced and defendant would be deprived of his right of confrontation without the aid of counsel. Under these facts defendant would not be able to reconstruct the circumstances surrounding the lineup at a subsequent hearing or trial. Accordingly, to rule otherwise in this case would seriously compromise defendant’s rights, particularly since the lineup occurs at a “ critical ” stage in the proceedings and the vagaries of such identification procedures are well known (Wade v. United States, supra). Support for this view can be found in People v. Ahmed (20 N Y 2d 958), where our Court of Appeals was critical of the prosecution which failed to disclose to defense counsel before or during trial “the inability of the robbery victim on the night of the robbery to identify defendant from a police photograph ’ ’.
Adopting the rationale of the Supreme Court in the Wade, Gilbert and Stovall cases and the Court of Appeals in People v. Ahmed (supra) and applying the same to the particular facts herein, I conclude that defendant is entitled to the names and addresses of all the witnesses at the two lineups, and accordingly that branch of the motion is granted.
Defendant’s request for the names and addresses of witnesses who appeared before the Grand Jury is likewise granted in the court’s discretion on the ground that there is evidence herein that some of defendant’s constitutional rights might have been abridged and because of the questionable procedures of the People at the preliminary stages of the proceedings (see Matter of Baldwin, 65 Misc. 153; People v. De Carlo, 161 Misc. 484).
That branch of the motion whereby defendant seeks a copy of any and all alleged statements, confessions and/or admissions made by him, written or oral, if any, is denied. Defendant is not- certain if he made any confession or statements. However, the People in their affidavit in opposition indicate that it only possesses oral admissions and/or conversations which it intends to use at the trial and have so notified defendant. Under these circumstances these are not subject to discovery prior to trial (see People v. Riley, 46 Misc 2d 221). Defendant’s counsel is not without remedy and may at a subsequent hearing or trial take the necessary steps to question the voluntariness and admissibility of the alleged statements and/or admissions.
Accordingly, defendant’s motion is disposed of as hereinabove indicated.