Carrol S. Walsh, Jr., J.
This is a motion made by defendant for an order directing the District Attorney of Fulton County to deliver to the defendant a copy of the statement made by defendant, in the absence of counsel, at or prior to or after his arrest for assault, second degree, for which he was subsequently indicted by the Grand Jury of Fulton County. Defendant alleges that on or about July 12,1969, he was interrogated by the State Police at the police barracks in Fonda, and that he then made a statement. Neither during the interrogation nor when the statement was made was counsel for defendant present.
Defendant states that due to the length of time between the interrogation and the making of the statement and the present time, and the highly nervous and excitable state of mind in which he was at the time, he cannot recall with accuracy the contents of the statement or the contents of the interrogation. Defendant requests a copy of his statement on the following grounds: (1) fair play; (2) the statement’s availability for impeachment purposes; and (3) the inadmissibility of derivative evidence should the statement be determined to be involuntary.
The District Attorney opposes the granting of the order.
To date, there is no statutory law on the subject of discovery and inspection which permits a defendant to obtain, prior to his trial, a copy of a statement made by him to the police or the District Attorney at the time of his arrest. Section 813-f of the Code of Criminal Procedure does provide that in a case where the People intend to offer a confession or admission in evidence upon a trial of a defendant, the People must, within a reasonable time before the commencement of the trial, give written notice of such intention to the defendant or to his counsel if he is represented by counsel, and section 813-g of the Code provides that a defendant claiming to be aggrieved by an involuntary confession or admission may move for its suppression from use as evidence — which, as a practical matter, does permit in such a situation a copy of the alleged confession to be furnished to the defendant 'or his counsel.
However, we are here concerned with the situation where no notice pursuant to section 813-f of the Code has been given by the District Attorney. As mentioned above, no statutory provision is in effect permitting a copy of the alleged confession or admission to be given to defendant or his counsel, nor has the Court of Appeals rendered any decision, so far as this court knows, concerning this point.
It is the opinion of this court, however, without intending to be the least bit presumptuous, that the Court of Appeals of this State will hold, should this question reach the Court of Appeals *159 for decision, that the People are compelled to furnish a defendant or his counsel, prior to trial, of a copy of any statement, confession or admission made by a defendant at the time of his arrest in the absence of counsel, whenever the defendant or his counsel requests a copy thereof.
In support of the opinion of this court, attention is called to the decisions of the Supreme Court of the United States on this very point and to this right afforded defendants in numerous other States of these United States. In addition, attention is also called to the decisions of the Court of Appeals in the State of New York liberalizing the rights of a defendant in the pretrial discovery of prosecution evidence in criminal cases. In People v. Rosario (9- N Y 2d 286, 289), a case in which the defendant on appeal contended that the Trial Judge committed reversible error in refusing to turn over to defense counsel, for cross-examination purposes, statements given some time before the trial by three prosecution witnesses, the court held that the “ The procedure to he followed turns largely on policy considerations, and upon further study and reflection this court is persuaded that a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must he kept confidential, defense counsel should be allowed to determine for themselves the use to he made of it on cross examination.” In the case of People v. Malinsky (15 N Y 2d 86, 96-91) the court held, “ In view of our decision in Rosario (9 N Y 2d 286, supra), the judge presiding may n'ot allow the People to keep from the defendants’ counsel statements or notes made by a witness upon the ground that nothing in them could assist the defense or that no prejudice would result from withholding them. ’ ’ The notes referred to in the Malinshy ease were the n'otes which a police officer had made in connection with the arrest of the defendant.
Granted, that the foregoing cases cited concern the use by the defendant of People’s witnesses’ statements and notes on cross-examination for purposes of impeachment, nonetheless it indicates the court’s attitude that in all justice and fairness no evidence in the hands of the People, except that which on good cause is shown to he confidential, should he withheld from examination by the defendant or his counsel because to do so would deprive the defendant and his counsel of the ability to prepare a proper defense and could very well deprive the defendant of a fair trial.
*160 It is inconceivable that the courts of this State would permit a defendant the right to examine statements of witnesses and to examine other evidence, yet be deprived of the right to examine his own statement made at the time of his arrest in the absence of counsel. To deprive defendant of this right, one might inquire as to how counsel for defendant could evaluate the case, to say nothing of preparing a proper defense, when counsel has no idea as to what the defendant disclosed in the statement at the time of the arrest. Certainly, in view of the decisions in the courts of this State, it would be illogical and inconsistent to hold that a defendant would not be permitted to obtain a copy of a statement made by him at the time of his arrest in the absence of counsel.
People v. Quarles (44 Misc 2d 955) is a most erudite and scholarly judicial opinion on this very point. Reviewing United States Supreme Court decisions, decisions of the courts of sister States and decisions in the courts of the State of New York, the court in Quarles, without equivocation, held that the statements made by a defendant to the police or District Attorney at the time of his arrest, without the assistance of counsel and without waiver of his right to counsel, are directed to be disclosed by the District Attorney to defense counsel as a matter of right to properly enable the said defendant to prepare a defense in accordance with the dictates of a fair trial. In People v. Abbatiello (46 Misc 2d 148, 150) the court held that the copy of the statement of the defendant made to the arresting officer and to the District Attorney should be given to the defendant prior to his trial, and stated that “ The fact that defendant’s counsel will be in possession of a copy of his client’s own statement whatever it may be, should not work to the People’s prejudice, if the People have a case against the defendant, but should be of aid in assuring the defendant a fair trial as well as in the search for the truth, which is the goal of our system of justice, and, possibly, in facilitating the disposition of some cases.”
Numerous other decisions of our lower courts are consistent with Quarles and with Abbatiello. This court is in complete accord with the decisions in those two cases. However, in People v. Nero (59 Misc 2d 645), the court observed that both the Quarles and Abbatiello cases were decided prior to July 16, 1965, which was the effective date of section 813-f of the Code of Criminal Procedure and that this latter section of the Code, in effect, precludes a defendant from obtaining a copy of his statement made at the time of his arrest, in the absence of counsel, unless the District Attorney serves notice of his intent to use the alleged statement or confession at the trial. It was the *161 reasoning of the court in that case that if the District Attorney does not serve such notice, the alleged statement or confession cannot he offered in evidence on the trial and, therefore, in effect, there would he no need for the defendant or his counsel to examine a copy of the statement and, further, that until such time as such notice was sent- by the District Attorney, if ever, a request on the part of the defendant to examine a copy of the statement or alleged confession would be premature.
This court disagrees with that reasoning, in all due respect, and with the well-written opinion in the Nero case. The decision in the Nero case does not take into consideration the fact that to deny defendant and his counsel the right to examine a copy of the statement or confession, in the instance where the District Attorney has not sent the notice pursuant to section 813-f of the Code, is to deny defendant and his counsel the right to evaluate the case and to prepare a defense. Even more important is the fact that despite the District Attorney’s failure to send the notice, precluding the District Attorney from offering the alleged statement or confession in evidence, the statement could still be used by the District Attorney for purposes of impeachment were the defendant to take the stand in his own behalf. A case in point is the recent case of the People v. Torres (32 A D 2d 791) wherein the defendant took the stand at his trial. On cross-examination by the People, over defendant’s objection that he had not received the notice prescribed by section 813-f of the Code of Criminal Procedure, the defendant admitted that in a statement made by him to the People at the time of his arrest he had said that he had not been at the scene of the crime at the time of the crime, whereas on direct examination he stated that he was. The People argued that section 813-f does not apply to the People’s impeaching use of a statement made at the time of the arrest. However, the court held that the People cannot thus circumvent the constitutional compulsion of Jackson v. Denno (378 U. S. 368) and the procedure mandated by People v. Huntley (15 N Y 2d 72) on the basis that a false statement, usable against a defendant as an implied admission of his awareness of his guilt, may be made involuntarily.
While the use of a statement or an alleged confession made by the defendant at the time of his arrest in the absence of counsel, even though by mere reference to it, for impeachment purposes is not at issue here, certainly it is worthy of note that such circumventing use of it, made without first determining its voluntariness, is questionable. (But, see, People v. Kulis, 18 N Y 2d 318, and People v. Miles, 23 N Y 2d 527.) The very *162 fact, however, of the existence of the possibility of snch use- of the statement is the very reason why it should be made available to defendant upon request, even though no notice pursuant to section 813-f of - the ‘Code was given by the District Attorney. Defendant’s counsel must come to a decision, in the preparation of the case, as to whether or not to put the defendant on the stand. If a copy of such a statement, in question here, is not made available to him, counsel is not in a position to make a reasoned and intelligent decision. Again, fairness and justice, and defendant’s fundamental right to a fair trial, in view of the foregoing, demand that the request for the copy of the statement be granted.
Finally, defendant’s point concerning the inadmissibility of derivative evidence from inadmissible evidence is well taken, applying the fruit of the poison tree doctrine. If the statement made by defendant is held to be voluntary, it is admissible in evidence, and any competent, material evidence derived or obtained from leads furnished by the statement would likewise be admissible. On the contrary, if the statement were held to be involuntary, it is inadmissible in evidence and evidence derived or obtained from leads furnished by the inadmissible statement would be inadmissible. If no notice of intention to use the statement is given by the District Attorney, and no determination as to the voluntary or involuntary nature of it has thus been made, then it cannot be admitted into evidence, but it is conceivable that the statement could have furnished leads to other evidence which, being apparently competent and material, might well be admitted when in reality such derivative evidence is clearly inadmissible.. Unless the defendant and his counsel have seen a copy of defendant’s statement made at the time of the arrest, they cannot protect themselves and intelligenly prepare against such a contingency. Involved also, arid definitely not to be overlooked, is the real possibility of violating a defendant ’s constitutional rights against self incrimination by using an inadmissible statement to obtain evidence which is used against him. Circumvention of this constitutional right is clearly demonstrable in such a situation.
The weight of judicial decision and opinion is clearly on the side of permitting a defendant to obtain, prior to his trial, a copy of his statement made at the time of his arrest in the absence of counsel. The trend and the attitude of our Court of Appeals, while'not having decided this very point, tend to support this finding. Decisions opposing this view seem to be based on the restrictive view that no statutory law or Court of Appeals decision covers this point. This court does not feel that any legisla *163 tion is necessary; it feels that the court has, and has always had, the inherent discretionary power to grant a motion for inspection of documents in the possession of the prosecutor, and that this is the law of the State of New York.
True it is that the power is discretionary, and each case must stand on its own merits. There are situations, perhaps, where the People could show prejudice or other special circumstances detrimental to the People which could result in defendant’s denial to obtain a copy of the statement, but this seems remote, would he exceptional and would not he a factor in most cases.
The District Attorney is, therefore, directed to forthwith furnish to the defendant in this case a copy of the statement given by him at the time of his arrest in the absence of counsel.