opinion of the court
Allan L. Winick, J.
This is an omnibus motion for multiple relief, and is decided as follows:
(a) Defendant’s request for exculpatory material now in the possession of the District Attorney as well as any exculpatory material that may subsequently come into the District Attorney’s possession is granted.
Included in the requested material are the names and addresses of three potential witnesses who were unable to identify the defendant at a “lineup”. The defendant takes the stance that the failure to identify him as the person who perpetrated the crime is exculpatory in nature and thus covered under the Brady principle (see Brady v Maryland, 373 US 83).
On the other hand, the People maintain that they intend to call the three people as witnesses and, as such, the names and addresses need not be disclosed (see People v Lynch, 23 NY2d 262).
In this case, we have three witnesses whose statements tend to exculpate the defendant. According to the defendant’s counsel’s affirmation, at least one of the witnesses stated, “None of them look like him.” The Assistant District Attorney’s affirmation avers that one of the witnesses stated, “They look taller.” These statements tend to lessen *219 the guilt and exculpate the defendant. Also the possibility does exist that the People may choose not to produce any one of these witnesses who were unable to identify the defendant. This would deprive the defendant of his constitutional right of confrontation. Brady (supra, p 87) states: “the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment”. Without this information, defendant will not be able to reconstruct the circumstances that occurred at the lineup and, therefore, a constitutional infirmity would exist. As was stated in People v Cohen (60 Misc 2d 706, 708): “to rule otherwise in this case would seriously compromise defendant’s rights, particularly since the lineup occurs at a ‘critical stage’ in the proceedings and the vagaries of such identification procedures are well known (Wade v. United States, supra). Support for this view can be found in People v. Ahmed (20 N Y 2d 958), where our Court of Appeals was critical of the prosecution which failed to disclose to defense counsel before or during trial ‘the inability of the robbery victim on the night of the robbery to identify defendant from a police photograph’.”
Therefore, I grant defendant’s branch of the motion requesting names and addresses of witnesses who could not identify defendant at the lineup as Brady material. This affords the defendant an opportunity to confront the witness or witnesses that made a statement that would be material to his guilt or innocence. The court is cognizant that there may be some valid reasons for not disclosing at this point the names and addresses of those witnesses. Therefore, leave to move for a protective order is granted to the District Attorney should he feel that there are other compelling reasons not to disclose this information.