Irwin D. Davidson, J.
This is an omnibus motion in which the defendant Harvin seeks several types of relief. He moves (1) for an inspection of the Grand Jury minutes, or, in the alternative, a dismissal of the indictment; (2) for dismissal of the indictment on the ground that the prosecution thereof is barred by the Statute of Limitations; (3) for a dismissal of the indictment on the ground that he was denied his right to a speedy trial; (4) for a severance; and (5) for a copy of his statements and or confession allegedly made to the police.
1. The defendant’s motion to inspect the Grand Jury minutes, or in the alternative, to dismiss the indictment, is denied. An *418 examination of the testimony before the Grand Jury indicates that if it is uncontradicted or unexplained, a conviction by a trial jury is warranted.
2. The defendant was indicted on December 23, 1963, for a felony murder allegedly committed on December 18, 1958. Defendant claims that the prosecution .is barred by reason of the fact that the five-year Statute of Limitations has barred prosecution for the underlying felony, a robbery. Defendant urges that under the circumstances, since the felony has been barred by limitation, it may not be used as a predicate for the charge of felony murder. Defendant asserts that he was not the actual slayer, but merely an accomplice in the robbery during the course of which a homicide occurred. He contends that, since the right to try him on the robbery charges has been obliterated by the passage of time, any consequences flowing from his participation in the robbery should be cancelled. Although a rather novel contention, this nevertheless is legally untenable.
In a felony murder prosecution, the fact that the underlying felony may be barred by the ¡Statute of Limitations is entirely irrelevant. The charge upon which the defendant is being prosecuted is felony murder (People v. Malinski, 292 N. Y. 360; People v. Hernandez, 12 A D 2d 607, affd. 10 N Y 2d 774) for which there is no Statute of Limitations (Code Crim. Pro., § 141).
A homicide which occurred during the course of a robbery constitutes the crime of felony murder (Penal Law, § 1044, subd. 2), and all who participate in the underlying felony are equally guilty of murder. Evidence of the commission of the underlying felony supplied the malice and felonious intent necessary to sustain the charge of murder (People v. Ertel, 283 N. Y. 519).
The charge of felony murder may not be separated into its component parts so that if the Statute of Limitations were a bar to the prosecution of one of the elements of the crime, the major crime, the felony murder charge, would also fall. Defendant’s reliance upon People v. Roper (259 N. Y. 170) is misplaced. Roper holds that a 15-year-old lacks the capacity to form the specific intent necessary to commit the underlying felony. There, a youth of such age was held not responsible for a felony murder. No such situation exists in Harvin’s case. In the instant case, the crime of felony murder was complete the moment the killing-occurred during the course of the robbery. An adult, who participates in a felony murder with a youth under the age of 16, may be prosecuted for such felony murder even though the *419 youth who might be the actual slayer may not be so prosecuted (People v. Porter, 54 N. Y. S. 2d 3).
Furthermore, in this case, the Statute of Limitations is not a bar to a prosecution for the underlying felony by reason of the defendant’s absence from the State for a considerable part of the five years. Harvin was accused of committing a murder on November 9,1963, in Washington, D. C. He was arrested in Los Angeles, California, on November 28, 1963, and has since been in custody. Because of the defendant’s absence from New York for much of the five-year period, the Statute of Limitations would not be a bar to the defendant’s prosecution for the crime of robbery if that were the crime charged.
Consequently, defendant’s motion to. dismiss the indictment on the ground that the prosecution for the underlying felony has been barred by the Statute of Limitations is denied. (3) The defendant’s claim that he has been denied the right to a speedy trial likewise must fail. He was indicted on December 23,1963, and arraigned in New York on February 23,1965, approximately 14 months later. He claims that the passage of so long an interval of time prejudiced his right to a speedy trial.
Whether a defendant has been deprived of his right to a speedy trial depends upon the circumstances of each individual case (People v. Prosser, 309 N. Y. 353). A delay in moving a case to trial attributable to legitimate legal circumstances does not warrant dismissal of an indictment (United States ex rel. Von Cseh v. Fay, 313 F. 2d 620; People v. Brandfon, 4 A D 2d 679).
The defendant, arrested in California on November 28, 1963, was turned over to the authorities in Washington, D. C., for prosecution of a murder allegedly committed in Washington, D. C., on November 9, 1963. Although the defendant pleaded guilty to murder in the second degree on December 23, 1964, that case was not finally disposed of until January, 1965. Pending its disposition the Assistant United States Attorney in Washington, D. C., notified the New York District Attorney that the New York writ of habeas corpus ad prosequendum would not be honored until the case in Washington, D. C., had been concluded. Promptly upon the disposition of that murder case the defendant was brought to New York and arraigned on February 23,1965.
Defendant’s reliance on People v. Piscitello (7 N Y 2d 387) is misplaced. In Piscitello, a prisoner detained in Federal custody in New York had not been brought to trial in the State court for a period of 17 months. The District Attorney admitted there had been undue delay but asserted that the defendant had *420 waived his right to a speedy trial. The court rejected that claim.
In the instant case, a completely different situation obtains. The People have shown abundant good cause for the 14-month delay — a delay for which the People are in no way responsible. Defendant’s motion to dismiss on the ground that he was denied the right to a speedy trial is denied.
(4) Defendant also moves for a severance. He urges that a confession of a codefendant .involves him and that it would therefore be an abuse of discretion not to grant him a separate trial.
The District Attorney indicates that in this case each defendant confessed his guilt and implicated his codefendant. The mere existence of confessions by joint defendants does not require separate trials (People v. Doran, 246 N. Y. 409; People v. Snyder, 246 N. Y. 491).
In People v. Fisher (249 N. Y. 419), a situation fraught with far greater danger of prejudice than that which is revealed in the instant case, the court affirmed a conviction where one defendant had confessed and the defendant who moved for a severance had not confessed.
The defendant has failed to sustain his claim that he would be so severely prejudiced as to justify granting him a separate trial. Defendant’s motion for a severance is accordingly denied.
(5) The final phase of the defendant’s motion wherein he seeks a copy of his confession or statement made to the police or District Attorney will be granted. The District Attorney will furnish defendant Harvin’s counsel with a copy of his alleged confession or statement. The District Attorney has notified the defendant of his intention tó use Harvin’s confession at the trial. Were the defendant to demand a hearing respecting the voluntariness of his confession, as prescribed in People v. Huntley (15 N Y 2d 72), the defense counsel at that hearing would be entitled to see and use the confession in accordance with the rule enunciated in People v. Malinsky (15 N Y 2d 86). To deny the defendant’s request to look at the confession now and permit him to look at it several months later seems entirely pointless.
The defendant’s motion directing the District Attorney to furnish the defendant’s counsel with a copy of Harvin’s confession or statement is granted.
Except as granted herein, the defendant’s motion is in all other respects denied.