PEOPLE v SAVOIE

1. JUDGES—INSTRUCTIONS TO JURY—ISSUES IN CASE—THEORIES OF PARTIES—REQUESTS FOR INSTRUCTIONS—COURT RULES.

It is a court's duty to present the material substance of the issues in a case and the theories of the parties to the jury; for this purpose, each party shall submit to the court at the close of the evidence a statement setting forth as issues only those disputed propositions of fact which are supported by the evidence or admitted, and the party's theory of the case as to each issue (GCR 1963, 516.7).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUESTS FOR INSTRUCTIONS—HARMLESS ERROR—OVERWHELMING EVIDENCE OF GUILT—COURT RULES.

A defendant is entitled to an instruction presenting the defense theory of the case where such an instruction is requested in writing in accordance with the court rule regarding jury instructions and is supported by testimony of the defendant; the failure to so instruct is not harmless error, even where the evidence of the defendant's guilt is overwhelming (GCR 1963, 516.7).

Appeal from Wayne, Peter B. Spivak, J. Submitted March 10, 1977, at Detroit. (Docket No. 23907.) Decided May 2, 1977.

Tony Savoie was convicted of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Timothy A.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial § 576 *et seq.*

*Baughman,* Assistant Prosecuting Attorney, for the people.

*George C. Parzen (Carl Ziemba,* of counsel), for defendant.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and BEASLEY, JJ.

BEASLEY, J. Defendant was charged with first-degree murder (MCLA 750.316; MSA 28.548) in the shotgun killing of a Dearborn police lieutenant, and a jury convicted him of the crime with which he was charged. Defendant appeals as of right, asserting a myriad of alleged errors.

We find it necessary to consider only one since it is an error of a magnitude that requires reversal of the conviction and remand for a new trial.

In this case, defendant made written request for an instruction regarding the defense theory. When the trial judge did not read to the jury defendant's theory as propounded in the written request, defense counsel objected. The trial judge responded as follows:

"THE COURT: Yes, I indicated I would not give either side's theory of the case.

MR. ZIEMBA *[defendant's attorney]:* For the reason that the Court just doesn't give—

THE COURT: I feel, that it in a sense makes a second jury argument and you gentlemen should state your own theory of the case."

General Court Rule 516.7 provides as follows:

"Statement of Issues and Theories of the Parties (SJI 20.01) It is the duty of the court to present to the jury the issues in the case and the theories of the parties. At the close of the evidence each party shall submit to the

court a statement of the issues and his theory of the case as to each issue. The statement shall be concise and narrative in form. It shall be submitted in addition to requests for instructions submitted under sub-rule 516.1. The statement shall set forth as issues only those disputed propositions of fact which are supported by the evidence. The statement of the theory may include those claims supported by the evidence or admitted. The Court need not give any statement to the jury in the form submitted if the court presents to the jury the material substance of the issues and of the theories of each party." (Amended and effective April 14, 1970.)

The rules of civil procedure apply to criminal cases except where a statute or rule provides otherwise. GCR 1963, 785. GCR 1963, 516.7 applies to criminal cases. See also, *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976). It may be argued that the court's instruction regarding unlawful arrest and self-defense was compliance of a sort with GCR 1963, 516.7, but no mention was made in the court's instruction regarding accidental homicide. The prosecution argued that the trial judge need only instruct regarding a defense theory if there is evidence to support it. The prosecution asserts there was not any evidence to support a theory that the shooting was accidental. Defendant testified in his own defense as follows:

"Q *[Carl Ziemba, defendant's attorney]* What happened then, if anything?

A Then all of a sudden I was just standing there and I got shot down. Someone shot me in the back.

\* \* \*

Q When the bullet hit you describe the action of your body in words?

A Well, the bullet hit me here and I turned around and fell down like this and the shotgun—I remember hearing the shotgun slam down against the cement on the sidewalk.

Q That is your shotgun?
A Yes.
Q Slamming?
A Yes.

*   *   *

Q Immediately before you were shot and immediately after you were shot, Mr. Savoie, did you deliberately fire your gun?
A No, I don't remember deliberately firing my gun at all. I don't even think my gun discharged."

Defendant's testimony, taken together with his written request to charge, entitled him to an instruction regarding accidental homicide. The fact that the evidence of defendant's guilt was overwhelming does not excuse the trial judge's failure to comply with the court rule. Even the most guilty defendant is entitled to have the trial judge tell the jury what his theory of defense is. Particularly, this is true where defense counsel expressly so requests in writing. Even when the evidence of guilt is overwhelming, such error is not harmless; the guilty verdict must be overturned and the case remanded for a new trial.

In view of our disposition, we have not reviewed the other claims of error, and we express no opinion regarding their merit.

Reversed and remanded for a new trial.