PEOPLE v STEPHENS

PEOPLE v JESSE SMITH

Docket Nos. 28978, 29186. Submitted February 21, 1978, at Detroit.—
Decided June 20, 1978.

Ronald Stephens and Jesse Smith were convicted in Recorder's
Court of Detroit, Geraldine B. Ford, J., of second-degree mur-
der. Defendant Stephens requested an instruction on abandon-
ment. Defendant Smith requested instructions on self-defense
and manslaughter. None of these instructions were given to the
jury. Their appeals have been consolidated and a single issue,
failure to instruct on a defense theory of the case, is dispositive.
*Held:*

1. A requested instruction on abandonment should be given
where evidence indicated that a defendant in a felony murder
trial, prior to a shooting and by his own volition, decided to exit
the premises before any criminal act was committed.

2. A requested instruction on self-defense is required where
there was sufficient factual support for a claim of self-defense.

Reversed and remanded.

BEASLEY, J., dissents. He would hold that a trial judge need
not give full instructions on theories of defense where there is
not sufficient evidence to require an instruction on the subject.

OPINION OF THE COURT

1. JUDGES—CRIMINAL LAW—INSTRUCTIONS TO JURY—THEORIES OF
PARTIES—REQUESTS FOR INSTRUCTIONS—EVIDENCE—ABANDON-
MENT—SELF-DEFENSE—COURT RULES.

A trial judge is required by court rule to give instructions on the
theories of the parties, such as abandonment and self-defense, if
they are requested and supported by some evidence; this re-
quirement holds even if the factual evidence disputing the
theory is overwhelming (GCR 1963, 516.7).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial §§ 698, 699.

2. JUDGES—CRIMINAL LAW—INSTRUCTIONS TO JURY—THEORIES OF
   PARTIES—EVIDENCE—ABANDONMENT—SELF-DEFENSE.

   *A defendant is entitled, under the court rules, to have the trial
   judge indicate to the jury his theory of his case, but a trial
   judge need not give a full instruction regarding a subject, such
   as abandonment or self-defense, where there is not sufficient
   evidence to support it; merely asserting a possible defense is to
   be distinguished from the question of whether there is enough
   evidence to require an instruction on a subject (GCR 1963,
   516.7).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training & Appeals, and *Frank J. Ber-
nacki* and *Brian Marzec,* Assistants Prosecuting
Attorney, for the people.

*BeGole, Lukomski, Maddock & McDonald,* for
defendant Ronald Stephens.

*Raymond E. Willis,* for defendant Jesse Smith.

Before: BEASLEY, P. J., and BASHARA and D. C.
RILEY, JJ.

D. C. RILEY, J. Defendants Ronald Stephens and
Jesse Smith, tried jointly by a jury on a charge of
felony murder, MCL 750.316; MSA 28.548, were
convicted of the lesser included offense of second-
degree murder, MCL 750.317; MSA 28.549, and
sentenced to terms of 40 to 60 years in prison.
Their appeals have been consolidated.

Although each defendant raises several issues,
we find reversible error in a common issue; *i.e.,*
failure to instruct on a defense theory of the case.
A short summary of the facts is necessary.

The prosecution's principal witness, Donald

Webster, testified that on the date in question he, defendants Smith and Stephens, and one other person, embarked on a plan to commit a robbery. The four men entered one store, but subsequently abandoned the planned robbery and left the store. Shortly thereafter, they entered a second store with the intent to rob the cash register.

Webster testified that after they were in the store for a few minutes, he, Stephens, and the fourth person agreed to leave without committing the robbery. Stephens then called to Smith to leave, whereupon Smith motioned the three to remain. According to Webster, while the three men were at the door, preparing to leave, they heard a shot. Webster then ran from the store.

A Detroit police officer testified that he took a statement from defendant Smith shortly after his arrest. In the statement Smith admitted shooting the proprietor of the store, but stated that he shot because the man had started to pull a gun on him and he (Smith) feared that the man was about to shoot him. Smith denied intending to rob the store and denied announcing a holdup before the deceased started to pull his gun.

The officer also took a statement from defendant Stephens. In that statement Stephens admitted that he was armed and intending to rob a store along with three other men. The four entered one store but left without committing a robbery, and then they entered a bookstore. After looking around for a few minutes, Stephens stated, he heard a shot, whereupon the four men then ran from the store.[1]

---

[1] Pursuant to *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), neither statement mentioned the name of the other codefendant when admitted at trial. Because of our disposition of the case, we will not at this time discuss the issue of whether the method used to "Brutonize" the statements was sufficient.

Defendant Stephens, in writing, requested an instruction on abandonment. Defendant Smith requested instructions on self-defense and manslaughter. None of these requested instructions were given.

A trial judge is required by court rule to give instructions on the theories of the parties if they are requested and supported by some evidence. GCR 1963, 516.7. This requirement holds even if the factual evidence disputing the theory is overwhelming:

"Defendant's testimony, taken together with his written request to charge, entitled him to an instruction regarding accidental homicide. The fact that the evidence of defendant's guilt was overwhelming does not excuse the trial judge's failure to comply with the court rule. Even the most guilty defendant is entitled to have the trial judge tell the jury what his theory of defense is. Particularly, this is true where defense counsel expressly so requests in writing. Even when the evidence of guilt is overwhelming, such error is not harmless; the guilty verdict must be overturned and the case remanded for a new trial." *People v Savoie*, 75 Mich App 248, 251; 255 NW2d 11 (1977).

The request for an instruction on abandonment should have been given. There was evidence presented (Donald Webster's testimony) that defendant Stephens had, by his own volition, decided to exit the bookstore before *any* criminal act was committed. While the law in Michigan is unclear on whether abandonment is a defense to an attempt,[2] Stephens was not convicted of felony murder because of an attempted armed robbery. He was convicted as an aider and abettor to second-degree murder. The jury should have been in-

---

[2] *See generally*, 22 CJS, *Criminal Law*, § 76, pp 234–235.

structed that a theory of Stephens' defense was that he had abandoned any joint effort with Smith prior to the shooting.

Similarly, the instruction on self-defense should have been given in regard to defendant Smith. The statement taken from Smith, and introduced by the prosecution, gave sufficient factual support for a self-defense claim. Even though the prosecution may be correct that self-defense is not a defense to felony murder,[3] it clearly is a defense to second-degree murder. Notwithstanding the other prosecution evidence, the requested instruction should have been given in connection with the instruction on second-degree murder. *People v Savoie, supra.*

On remand, a renewed request for an instruction on manslaughter should be ruled upon in light of the Supreme Court's recent opinion in *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978).

The convictions are reversed and remanded.


BASHARA, J., concurred.


BEASLEY, J. *(dissenting).* I respectfully dissent.

With respect to defendant Stephens, reversal is based on failure to give an instruction regarding abandonment.

Defendants Smith and Stephens, and two others, Donald Webster and Franklin Fleming, a juvenile, decided to rob a store; defendant Smith armed himself with a handgun and defendant Stephens with a small, sawed-off shotgun; they went to rob a Goodwill store, but changed their minds and decided a book store would be the target to rob.

After being in the store for several minutes,

---

[3] Michigan Proposed Criminal Jury Instructions, § 16:1:16.

defendant Smith shot and killed the store owner who was armed with a gun in his belt. Neither defendant Smith nor defendant Stephens testified. Webster, one of the original robbers, did testify.

The argument is that Webster's testimony indicates that defendant Stephens, Webster and Fleming, abandoned the intent to rob the book store.[1] Defendant Stephens says the trial court's refusal to instruct regarding the alleged abandonment was reversible error.

In general, I accept the statement of facts of my distinguished colleagues. However, I do not agree that there was evidence of abandonment *before any* criminal act was committed. In my opinion, entry into the book store by defendant Stephens, with intent to rob while armed with a sawed-off shotgun concealed inside his pant leg, constituted the *completed offense* of attempted armed robbery or conspiracy to commit armed robbery.

I would agree with the trial court that it was legally too late for defendant Stephens to abandon his criminal intent. Furthermore, Webster's testimony that when defendant Smith signalled him (Webster) and defendant Stephens to hold on (stay in the store), they did stay in the store for two to three more minutes during which time defendant Smith shot and killed the storekeeper, would, in my opinion, defeat any proposition that there was sufficient evidence of abandonment to require an instruction regarding abandonment. The fact that defendant Stephens, still armed with his sawed-off shotgun, did *not* leave the store, although he had plenty of time to leave, destroys any inference of abandonment. If he had testified, a fact issue

---

[1] A police officer testified, without objection, as to a statement allegedly made by defendant Stephens which statement does *not* indicate any claim of abandonment of the robbery.

regarding his intent might have been raised.[2] But he did not testify. His position rests entirely on Webster's testimony which testimony was insufficient to support the conclusion of abandonment. Under these circumstances, I would not consider it error to deny a request for an instruction regarding abandonment.

With respect to defendant Smith, reversal is based on failure to give a self-defense instruction.

Like Stephens, defendant Smith did not testify. His claim of self-defense rests upon the testimony of a police officer who testified regarding a statement Smith made after he was arrested.[3] I would not believe the contents of the statement sufficient to raise a question of self-defense such as to require a self-defense instruction. The only other testimony relative to the actual killing came from Donald Webster's aunt, who testified defendant Smith said he grabbed the victim from the back with his arm around the victim's neck and shot the victim when he thought the victim was reaching in his pocket for a gun.

Under these circumstances, denial of a self-defense instruction did not constitute error.

This case is clearly distinguishable from *People v Savoie*[4] where the defendant testified and claimed his gun went off by mistake. While defendant is entitled under the court rules to have the trial judge indicate to the jury his theory of his case, a trial judge need not give a full instruction regarding a subject, *e.g.,* self-defense, where there .

[2] But not if he testified the same as in his alleged statement to the police officer.

[3] Defendant Smith first made an oral statement, the police officer wrote it down and defendant Smith signed it. Then, defendant Smith made a second oral statement, the police officer wrote it down, but defendant Smith refused to sign. It is the second statement upon which the subsequent claim of alleged self-defense rests.

[4] *People v Savoie,* 75 Mich App 248; 255 NW2d 11 (1977).

is not sufficient evidence to support it. Merely asserting a possible defense is to be distinguished from whether there is enough evidence to require an instruction on a subject.

Contrary to my able colleagues, I would vote to affirm the convictions.