**STATE of Tennessee, Appellant,**

v.

**Jeffrey Earl GRIBBLE, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 13, 1983.

Permission to Appeal Denied by Supreme Court Aug. 1, 1983.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, W.B. Lockert, Jr., Dist. Atty. Gen., James W. Kirby, Asst. Dist. Atty. Gen., Ashland City, for appellant.

Stan Reynolds, Dickson, for appellee.

OPINION

SCOTT, Judge.

This is an appeal by the state from an order of the trial court refusing to accept jurisdiction over a juvenile charged with murder in the first degree. The single narrow issue is whether a juvenile is triable as an adult for felony-murder when he is not amenable to trial as an adult for the underlying felony, to-wit: burglary in the third degree. The trial judge held that he is not. We hold that he is.

On the date of the alleged offense (February 4, 1982) TCA § 37–234(a)(1) provided: *

(a) After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this state, the court, before hearing the petition on the merits, may transfer the child to the sheriff of the county to be held according to law and to be dealt with as an adult in the criminal court of competent jurisdiction. The disposition of the child shall be as if he were an adult if:

(1) The child was sixteen (16) years or more of age at the time of the alleged conduct, or the child was fifteen (15) or more years of age at the time of the alleged conduct if the offense charged included murder, manslaughter, rape, robbery with a deadly weapon or kidnapping.

Murder is defined at TCA § 39–2–201 as follows:

If any person of sound memory and discretion, unlawfully kill any reasonable creature in being, and under the peace of the state, with malice aforethought, either express or implied, such person shall be guilty of murder.

Murder is of two types, murder in the first degree and murder in the second degree. Murder in the first degree is defined at TCA § 39–2–202(a) as follows:

Every murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb, is murder in the first degree.

TCA § 39–2–211(a) provides that: "All other kinds of murder shall be deemed murder in the second degree".

This is a novel question, apparently one of first impression in Tennessee. Our attention has been drawn to the same cases relied upon by the trial judge in his opinion. In *People v. Roper,* 259 N.Y. 170, 181 N.E. 88, 91 (1932), the juvenile defendant was fifteen years old at the time he committed an armed robbery of a restaurant. He killed a customer in the process. Under the then existing New York law, a juvenile under the age of sixteen could be tried as an adult only for crimes that were punishable by death or life imprisonment. As to all other crimes, a juvenile was deemed incapable of forming the necessary felonious intent. Because murder was punishable by death or life imprisonment, but armed robbery was not, the defendant could be found criminally liable for the homicide but not for the armed robbery. For the armed robbery he could be found guilty of juvenile delinquency.

Under New York law, as elsewhere, a finding of guilt of murder requires the establishment of proof of the "felonious intent". This intent could be established by either proving a specific intent to kill or by establishing guilt of an independent felony during which the homicide occurred, i.e., the felony-murder rule. Under this rule, participation in the commission of the felony at the time of the killing supplies the requisite element of felonious intent, the intent being transferred by implication of law from the felony to the homicide. *Id.* The Court noted that:

For the child's benefit, as well as for the benefit of the state, it treats a child who commits acts which, if committed by an adult, would constitute a felony, not pun-

---

* This section of our Code was amended by Chapter 637, § 1 of the Public Acts of 1982, effective April 1, 1982. Among other changes the Act provided that children over the age of fourteen years may now be tried as adults for certain enumerated offenses. The listing of offenses was also amended to eliminate manslaughter as a listed offense, to add aggravated rape and to restrict kidnapping cases to "kidnapping as defined by TCA § 39–2903". (However TCA § 39–2903, now TCA § 39–6–1003, does not relate to kidnapping, but prohibits the maintenance of a nuisance by one in his trade or employment.)

ishable by death or life imprisonment, merely as a juvenile delinquent, an unfortunate ward of the state rather than a criminal. The law, in its mercy, demands that a child should be subject to such correction as may tend to remove the causes which have led the child to commit acts inimical to society; where it might demand that an adult committing the same acts should be visited with punishment of deterrent effect.

Because it was impossible for the juvenile defendant to be guilty of the underlying felony, felonious intent could not be imputed from the commission of "merely" a delinquent act. Therefore, the court reasoned that the defendant could not be guilty of felony-murder but could be tried for murder with intent to effect death.

*Roper* was relied on in two subsequent New York cases, *People v. Porter,* 54 N.Y. S.2d 3, 5–6 (1945), and *People v. Rooks,* 40 Misc.2d 359, 243 N.Y.S.2d 301, 308 (1963). In these cases the courts reasoned that a juvenile can only be charged with "design" murder and not "felony" murder.

The trial judge also relied on *People v. Monahan,* 15 N.J. 34, 104 A.2d 21, 27 (1954), in which the New Jersey Supreme Court considered a New Jersey statute which provided that juveniles between the ages of sixteen and eighteen could be tried as an adult for offenses of a "heinous" nature. In that case the defendant was a fifteen year old boy who participated in an armed robbery with his father during which his father killed two persons. The court held that the clear intent of the legislature was to vest exclusive jurisdiction over misconduct by children under sixteen years of age in the juvenile court, including behavior which would constitute felony-murder if committed by an adult. However, that case is not in point, since it deals with a juvenile whose case could not be transferred to adult court regardless of the offense. Tennessee law provides likewise. TCA § 37–234(a)(1). That is not the issue in this case.

In an analogous New York case, *People v. Harvin,* 46 Misc.2d 417, 259 N.Y.S.2d 883 (1965), the Court held that an adult defendant was triable for felony-murder even though prosecution for the underlying felony was barred by the statute of limitations. The underlying felony being barred by the statute of limitations is, in the Court's words, "entirely irrelevant". The charge upon which the defendant was being prosecuted was felony-murder for which there is no statute of limitations. Although *Harvin* did not involve a juvenile, the principles are the same. In fact, the Court noted that the defendant relied upon *People v. Roper,* supra, and found that the reliance was misplaced.

The Court's logic in *Harvin* is compelling. The state is not attempting to try the defendant in this case for burglary. The charge is murder, the most serious offense with which one can be charged in a civilized society. It is "the highest crime against nature". *State v. Monahan,* supra, 104 A.2d at 36 (Oliphant, J. dissenting).

From the sections of our Code quoted above, it is clear that the legislature intended for juveniles fifteen or more years of age to be amenable to trial as an adult for every type of "murder".

To find that a juvenile is not triable for "murder" when it is alleged to be a felony-murder because the juvenile would not be triable in adult court for the underlying felony would amount to the grossest sort of legal sophistry. A "delinquent act" is defined, among other things, as "an act designated a crime under the law". TCA § 37–202(3). The juvenile would be triable in juvenile court for the underlying felony, since all the enumerated felonies would be termed "delinquent acts".

We hold that a juvenile is triable as an adult for the offense of "murder" when the offense is "felony-murder" regardless of whether he is triable as an adult for the underlying felony. To hold otherwise would amount to this Court engrafting an exception upon TCA § 37–234(a)(1) to exclude most felony-murders from the inclusive term "murder". Under such a holding, murders committed by juveniles in the course of the commission of murder in the

first degree, rape, armed robbery and kidnapping and other murders in the first and second degrees would be included. Murders committed by juveniles in the perpetration of arson, robbery without a deadly weapon, burglary, larceny, aircraft piracy and the unlawful throwing or placing of a bomb would be excluded. This would be an unjust result.

In this case the juvenile is not alleged to be the triggerman. Rather, it is alleged that he served as the lookout for his brothers, one of whom shot and killed a law enforcement officer. All persons present, aiding and abetting, or ready and consenting to aid and abet in any criminal offense, are deemed principal offenders, and punishable as such. TCA § 39–1–303.

In *Moody v. State,* 46 Tenn. (6 Cold) 299, 305–306 (1869), our Supreme Court held:

If several persons come to commit a felony or make an affray, and are of the same party, and come into the same house, but are in several rooms of the same house, and one be killed in one of the rooms, those of the party that come for that purpose, though in the other rooms of the same house, shall be said to be present: 1 Hale's Pleas of the Crown, 439. "The like in cases of burglary; though some stood at the end of the lane to watch if any one come to disturb them; yet they are said to be burglars, because they are aiding and assisting in the burglary."

"Second, Who shall be said to be aiding and abetting? The rule is, if divers persons come with the intent to do mischief, as to kill, rob or beat, and one doeth it, all are principals in the felony. Again, if a party go upon an unlawful purpose and one of the company kill one of the adverse party in pursuance of that design, all are guilty."

It must be a killing in the pursuit of an unlawful act that all were engaged in; and in carrying out the original design, if any one of the party kill any one that oppose them, it would be murder in all the rest of the company that come with the intent to do that unlawful act, though there was no express intention to kill any person in the first enterprise; because, the law presumes they come to make good their designs against all opposition. Such seem to be the well settled rules of the common law. (citations omitted)

Thus it does not matter whether the juvenile actually killed or otherwise aided and abetted in the commission of the felony. If he did either he can be prosecuted for the felony-murder.

We reject the reasoning of *People v. Roper,* supra. The principles upon which the juvenile court movement was founded, as quoted from *Roper,* are valid in the abstract and have been accepted by our legislature as to most offenses. However, as to society's most heinous offense, and other very serious crimes, the legislature has chosen to end the classification of older juveniles as "unfortunate wards of the state". Rather, the General Assembly chose to render juveniles over fifteen (now over fourteen) liable for punishment for this offense as though the child was an adult at the time, but has expressly forbidden the imposition of the death penalty on a juvenile. TCA § 37–234(a)(1), as amended, Public Acts of 1982, ch. 637, § 1.

The judgment of the trial court remanding the case to juvenile court is reversed with directions that the matter proceed in the Circuit Court of Cheatham County. Since it appears that the only issue at the acceptance hearing was the jurisdiction of the court to accept jurisdiction over a juvenile charged with felony-murder, the trial court shall proceed with the acceptance hearing in accordance with TCA § 37–258.

DAUGHTREY and BYERS, JJ., concur.