[No. 9183–0–III.   Division Three.   June 22, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. RANDALL JAY
DENNISON, *Appellant.*

*Joseph A. Ramirez* and *Ramirez & Ramirez,* for appel-
lant (appointed counsel for appeal).

*Andy Miller, Prosecuting Attorney,* for respondent.

THOMPSON, C.J.—Randall Jay Dennison appeals his jury conviction for first degree felony murder. His principal assignments of error concern the trial court's refusal to dismiss based on the statute of limitation and to instruct the jury on self–defense and proximate cause. We affirm.

On January 23, 1982, Mr. Dennison drove to the neighborhood of the Yateses' home with his girl friend and their 18–month–old child. He had information that the Yateses kept marijuana in their bedroom closet. After knocking and receiving no answer, he kicked in the Yateses' door and proceeded to the bedroom. Mr. Dennison was armed with a .38 pistol.

Seconds after Mr. Dennison entered the bedroom, Daniel Stracner, the resident of the upstairs apartment, appeared at the doorway armed with a .45 pistol. According to Mr. Dennison, he grabbed Mr. Stracner's arm and held it up while he reached into his own pocket for his .38. Mr. Dennison placed the barrel of his gun in Mr. Stracner's stomach and backed him out to the front door. During this time, he told Mr. Stracner that he had not taken anything, that he did not intend to harm him, and that he just wanted to leave. When Mr. Stracner said "OK", Mr. Dennison pointed his gun at the floor and released him, at which point Mr. Stracner fired at him. Mr. Dennison responded by shooting Mr. Stracner in the stomach. Mr. Stracner fell on a couch on the porch, raised his gun, and pointed it at Mr. Dennison again. Mr. Dennison then shot him twice more.

In May 1987, over 5 years after Mr. Stracner's death, Mr. Dennison's girl friend told the police that he had admitted to her that he had killed Mr. Stracner. On May 28, 1987, Mr. Dennison was charged with first degree murder committed in the furtherance of first degree burglary, a violation of RCW 9A.32.030(1)(c).

First, Mr. Dennison contends the prosecution for felony murder was barred by the statute of limitation. RCW 9A.04.080 sets out the statutes of limitation for various crimes in this state. Under that statute, all felonies not

specifically mentioned have a 3–year statute of limitation. Mr. Dennison argues that since felony murder is not specifically mentioned in RCW 9A.04.080, the residual 3–year statute of limitation applies. However, felony murder is not a crime separate from murder; it is an alternative means of committing murder. *State v. Powell,* 34 Wn. App. 791, 794, 664 P.2d 1 (1983). RCW 9A.04.080 states that there is no time limitation for commencing a murder prosecution. We hold the charge was not barred by the statute of limitation.

Nor are we persuaded by Mr. Dennison's argument that his prosecution for felony murder was barred because the statute of limitation on the underlying felony of burglary had run. *See* RCW 9A.04.080. Courts of other jurisdictions have held that the running of the statute of limitation on the underlying felony is irrelevant to a prosecution for the felony murder. *People v. Sellers,* ___ Cal. App. 3d ___, 250 Cal. Rptr. 345, 351 n.15 (1988); *Jackson v. State,* 513 So. 2d 1093 (Fla. Dist. Ct. App. 1987); *People v. Harvin,* 46 Misc. 2d 417, 259 N.Y.S.2d 883 (1965). We are convinced these jurisdictions are correct and hold a conviction on the underlying felony is not a jurisdictional prerequisite to prosecution for felony murder.

Second, Mr. Dennison argues the court erred when it rejected his proposed self–defense instructions and instead instructed the jury:

INSTRUCTION NO. 10

You are instructed as a matter of law self–defense is not a defense in this case.

INSTRUCTION NO. 6

To convict the defendant . . . of the crime of murder in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

. . .

(3) That the defendant caused the death of Daniel Stracner in the course of and in furtherance of such crime or *in immediate flight from such crime*;

(Italics ours.) It reasoned:

Now, this gentleman was not withdrawing from this crime; he was escaping from this crime. And that, by

definition, is part of the burglary. If he would have thrown down his hands and said, "I give up," and the guy, the deceased, shot him, obviously you've got a different problem.

*See also State v. Dudrey,* 30 Wn. App. 447, 453, 635 P.2d 750 (1981), *review denied,* 96 Wn.2d 1026 (1982), which held that for the purpose of felony murder, "'the burglary is deemed to be in progress after the break and entry when defendant is still on the premises or when the defendant is fleeing from the scene.'" (quoting 2 C. Torcia, *Wharton on Criminal Law* § 148 (14th ed. 1979)).

Mr. Dennison contends that self–defense must be available in the circumstances here; otherwise, the law sanctions the execution of burglars. He relies upon *State v. McCullum,* 98 Wn.2d 484, 488, 656 P.2d 1064 (1983), which says: "The trial court is justified in denying a request for a self–defense instruction only where no credible evidence appears in the record to support a defendant's claim of self–defense". However, *McCullum* did not involve a felony murder.

If intent is an element of the crime charged, proof of self–defense negates that element. *State v. Acosta,* 101 Wn.2d 612, 616, 683 P.2d 1069 (1984). The State argues that self–defense is not available in felony murder prosecutions because intent is not an element of that offense.[1]

---

[1] Our felony murder statute, RCW 9A.32.030, reads:

"(1) A person is guilty of murder in the first degree when:

". . .

"(c) He commits or attempts to commit the crime of either (1) robbery, in the first or second degree, (2) rape in the first or second degree, (3) burglary in the first degree, (4) arson in the first degree, or (5) kidnapping, in the first or second degree, and; in the course of and in furtherance of such crime or *in immediate flight therefrom,* he, or another participant, causes the death of a person other than one of the participants; . . ." (Italics ours.)

*State v. Craig,* 82 Wn.2d 777, 781, 514 P.2d 151 (1973). In *Craig,* the court noted that the felony murder statute

> substitutes the incidents surrounding certain felonies for the premeditation, deliberation or malice which otherwise would be necessary to constitute first–degree murder, and it is unnecessary to prove that the person who kills another in the commission of such a crime or the attempt to commit it or in withdrawing from the scene of its commission, had any malice, design or premeditation.

*Craig,* at 781.

No Washington case addresses the precise issue here.[2] Other jurisdictions uniformly deny the self–defense claim on the ground the defense is unavailable as a matter of law in felony murder prosecutions. For example, in *People v. Loustaunau,* 181 Cal. App. 3d 163, 170, 226 Cal. Rptr. 216, 219 (1986), the court reasoned:

> The purpose of the felony–murder rule is to deter even accidental killings in the commission of designated felonies by holding the felon strictly liable for murder. When a burglar kills in the commission of a burglary, he cannot claim self–defense, for this would be fundamentally inconsistent with the very purpose of the felony–murder rule.

(Citations omitted.) *See also Street v. Warden,* 423 F. Supp. 611 (D. Md. 1976), *aff'd,* 549 F.2d 799 (4th Cir. 1976), *cert. denied,* 431 U.S. 906, 52 L. Ed. 2d 390, 97 S. Ct. 1700 (1977); *State v. Celaya,* 135 Ariz. 248, 660 P.2d 849, 855 (1983); *People v. Burns,* 686 P.2d 1360, 1362 (Colo. Ct. App. 1983); *People v. Stephens,* 84 Mich. App. 250, 269 N.W.2d 552, 553 (1978); 2 P. Robinson, *Criminal Law Defenses* § 132, at 99 (1984).

In oral argument, counsel for Mr. Dennison suggested that *State v. Wanrow,* 88 Wn.2d 221, 233, 559 P.2d 548 (1977) supports his position that self–defense is available in

---

[2]The court in *Craig,* at 784, specifically refused to decide the issue on the facts there.

felony murder prosecutions. That decision overturned convictions for second degree murder and first degree assault. One of the bases for reversal was the self–defense instruction given by the trial court, which incorrectly limited the jury's consideration of acts and circumstances pertinent to the defendant's perception of the alleged threat to her person. *Wanrow* is distinguishable. There, two separate felonies were charged, each of which included an element of intent. Here, Mr. Dennison was charged with felony murder, not the separate crimes of first degree murder and first degree burglary.

As stated in *People v. Burns,* 686 P.2d at 1362:

> The felony murder statute requires only that the death of a person result in furtherance of the commission of a felony. Thus, the affirmative defense of self–defense may properly be raised only as it pertains to the underlying felony, and not to the resulting death. *See People v. Aaron,* 409 Mich. 672, 299 N.W.2d 304 (1980).

Here, the facts establish Mr. Dennison killed Mr. Stracner while attempting to flee from the first degree burglary. Under RCW 9A.32.030, these facts alone are sufficient to prove felony murder. Self–defense is irrelevant to a determination of guilt on the underlying first degree burglary. We therefore hold self–defense was unavailable to Mr. Dennison as a matter of law. The court properly rejected the proposed instructions.

Mr. Dennison also assigns error to the court's failure to give his proposed instruction 12 on proximate cause. His theory is that the acts of Mr. Stracner superseded Mr. Dennison's acts as the cause of his death.

Legal causation may be an issue in felony murder prosecutions in certain circumstances. W. LaFave & A. Scott, *Criminal Law* § 35, at 264 (1972). The death may be the result of a coincidence that is not reasonably foreseeable. For instance, if a kidnapper is involved in an automobile accident while transporting his victim, that accident arguably is the intervening and superseding cause of the victim's death. Or, the death may be the result of an

abnormal response to the felony. The example Professor LaFave gives for this latter situation is that of a bystander at an arson caused fire who, disregarding the warnings of firemen, rushes into the flames to rescue property of the owner. Arguably, the arsonist is not guilty of felony murder.

Mr. Stracner's actions were neither an unforeseeable coincidence nor an abnormal response by one who confronts a burglar. The court properly refused to give the proposed instruction.

Affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

GREEN and SHIELDS, JJ., concur.

Review granted at 113 Wn.2d 1016 (1989).