CRAWFORD, Chief Judge
(dissenting):
The majority finds prejudicial error in the military judge’s “failure to conduct a statute of limitations waiver inquiry with Appellant, the erroneous inclusion of the time-barred period in the instructions to the members, and the post-announcement modification of the findings[.]” 59 M.J. at 440. I respectfully disagree. In my view, because the constitutional policy behind the statute of limita *441 tions was otherwise served in this ease, no portion of the time period set forth in the proposed instructions included dates in which prosecution of the lesser-ineluded offenses was barred by the statute of limitations. Furthermore, even assuming error, Appellant suffered no prejudice to his substantial rights, as there is overwhelming evidence that the indecent acts described in the findings occurred within the modified time period. Accordingly, I would affirm Appellant’s conviction and sentence.
A. The Statute of Limitations did not Bar Prosecution for any Applicable Lesser-ineluded Offenses in this Case
The Fifth Amendment ensures that “[n]o person shall be held to answer for a ... crime ... without due process of law.” The Sixth Amendment guarantees that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.” Statutes of limitation exist precisely to protect these constitutional provisions.
The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials to promptly investigate suspected criminal activity.
Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970)(em-phasis added).
Invoking these same rights, military justice requires a charge and its specifications “to be sufficiently specific to inform the accused of the conduct charged, to enable the accused to prepare a defense, and to protect the accused against double jeopardy.” United States v. Weymouth, 43 M.J. 329, 333 (C.A.A.F.1995). See also Rule for Courts-Martial 307(c)(3) [hereinafter R.C.M.] (“A specification is a plain, concise, and definite statement of the essential facts constituting the offense charged.”). Because of this required specificity, Congress has dictated that an accused may be found guilty not only of the charged offense, but also “of an offense necessarily included in the offense charged[.]” Article 79, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 879 (2000). See also R.C.M. 307(c)(3) (“A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication.”). “A lesser offense is included in a charged offense when the specification contains allegations which either expressly or by fair implication put the accused on notice to be prepared to defend against it in addition to the offense specifically charged.” Manual for Courts-Martial, United States (2002 ed.), Part IV, para. 3.b.(l).
Thus, the precise reason why a court-martial may convict an accused of an uncharged lesser-ineluded offense is because inherent in the principal specification is notice of the lesser-ineluded offense. This notice implicitly provides the accused with the basic facts and information needed to defend against the lesser-ineluded offense. In so doing, the constitutional rights of due process and information of the nature and cause of an accusation are guaranteed as to a necessarily-included lesser-ineluded offense.
In the case at bar, Appellant’s conviction of indecent acts with a minor arose from the same basic facts that led to his initial rape charge. In the same pattern of sustained sexual abuse based on which the Government charged Appellant with rape, the members found sufficient evidence of indecent acts with a minor. In other words, the arsenal of basic facts Appellant addressed to defend his rape charge was the same arsenal of basic facts Appellant would have needed to defend a charge of indecent acts with a minor. In facing the rape charge for a specific victim on specific dates at specific locations, Appellant was adequately prepared to defend a charge of indecent acts with the same victim on the same dates in the same locations. Because due process, and information of the nature *442 and cause of the accusation, remained secure as to the lesser-included offense, the statute of limitations did not bar prosecution for a lesser-included offense committed outside the modified time period.
In this vein, several state courts have held that the running of the statute of limitations on the underlying felony is irrelevant to a prosecution for felony murder. See State v. Dennison, 115 Wash.2d 609, 801 P.2d 193, 202 (1990)(finding that complying with the underlying felony’s statute of limitations is not a jurisdictional prerequisite to prosecuting someone for felony murder); People v. Sellers, 203 Cal.App.3d 1042, 250 Cal.Rptr. 345, 351 n. 15 (1988)(noting that a felony murder charge could be based on attempted rape even though the statute of limitations had run on attempted rape); Jackson v. State, 513 So.2d 1093, 1094-95 (Fla.Dist.Ct.App.1987)(concluding that the predicate or threshold crime is statutorily distinct from the crime of felony murder); People v. Lilliock, 265 Cal.App.2d 419, 71 Cal.Rptr. 434, 442 (1968)(holding that instruction on felony murder may be given in a prosecution for murder even though a prosecution for the underlying felony would be barred by the statute of limitations); People v. Harvin, 46 Misc.2d 417, 259 N.Y.S.2d 883, 886 (N.Y.Sup.Ct.1965)(holding that a charge of felony murder may not be separated into its component parts so that if the statute of limitations were a bar to the prosecution of one of the elements of the crime, the major crime, the felony murder charge, would also fall). The relationship of felony murder to felony is analogous to the relationship between a principal offense and its lesser-included offense. Indeed, commission of felony murder encompasses as a lesser offense commission of the underlying felony. This analogy leads me to conclude that the running of the statute of limitations for indecent acts does not preclude prosecution for rape, or a subsequent conviction on the lesser-included offense of indecent acts.
B. Appellant Suffered no Prejudice
“A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.” Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000). Even assuming the military judge erred, Appellant clearly suffered no prejudice to his substantial rights. Indeed, there was overwhelming evidence that the indecent acts described in the findings occurred within the modified time period, and therefore not within the period allegedly barred by the statute of limitations.
First, Ms. B’s testimony revealed a sustained pattern of horrendous sexual abuse, as follows:
• Glattbach, Germany (pre-1985): Appellant touched Ms. B sexually when he tucked her in at night. Appellant required Ms. B to masturbate him under a blanket. Appellant forced Ms. B to engage in anal intercourse.
• Fort Polk, Louisiana (1986 — December 1989): Anal intercourse increased to three times per week. Appellant induced Ms. B, with the promise of gifts and candy, to take his penis into her mouth.
• Grandmother’s House, Germany (January 1989 — February 1992): Fondling and anal intercourse continued with same frequency. Appellant attempted vaginal penetration.
• Fort Irwin, California (March 1992— May 1995): Appellant consummated act of vaginal intercourse, which replaced regular anal intercourse. Ms. NT walked in on Appellant and Ms. B, and witnessed Ms. B kneeling over the bed with Appellant, pants down, behind Ms. B.
• Fort Knox, Kentucky (June 1995— 1996): Appellant continued to require vaginal intercourse. Appellant was verbally abusive. Ms. B revealed abuse to her boyfriend and mother. Abuse of Ms. B stopped.
The pattern of abuse about which Ms. B testified overwhelmingly supports a finding of indecent acts during the modified time period, which encompassed January 3, 1995, through March 1, 1996. Indeed, Ms. B testified that Appellant sexually abused her dur *443 ing this specific time period, consistent with the overall pattern of abuse.
Moreover, one of the members indicated that the panel based its findings in large part on acts that occurred at Fort Irwin, California, where Appellant was stationed during part of the modified period. These acts were described not only by Ms. B herself, but also by her sister, Ms. NT, who testified in a pretrial deposition that she observed her father sexually abusing Ms. B at Fort Irwin. Ms. NT’s subsequent recantation of this testimony at trial is questionable. See, e.g., United States v. Suarez, 35 M.J. 374, 376 (C.M.A.1992)(observing that a child may render inconsistent statements as to abuse, recant allegations of abuse, and fail to report or delay reporting abuse). Thus, in addition to the general pattern of abuse about which Ms. B testified, there was additional evidence that Appellant committed indecent acts with Ms. B specifically at Fort Irwin, where Appellant resided during part of the modified period.
Finally, after the members presented their findings, the military judge clarified that the members understood the dates during which Appellant’s indecent acts must have occurred, in order to convict him for the offense. The military judge clarified that the members understood where Appellant was stationed during the applicable dates. The military judge clarified that the members had sufficient time to digest the change in the specification’s dates, and indeed the members took a recess to discuss the change and make certain the findings were still valid in light of it. In the absence of evidence to the contrary, this Court will presume the members followed the judge’s instructions. United States v. Orsburn, 31 M.J. 182, 188 (C.M.A.1990). These actions and instructions ensured that the findings comported with the modified specification, and therefore that Appellant was convicted of offenses not barred by the statute of limitations.
For these reasons, I respectfully dissent from the lead opinion.